SCHOOL DISTRICT No. 2, OF THE TOWN OF PRAIRIE DU SAC, Plaintiff in Error,

*vs.*

SCHOOL DISTRICT No. 1, OF THE TOWN OF PRAIRIE DU SAC. Defendant in Error.

ERROR TO THE SAUK COUNTY COURT.

By the provisions of section 65 of chapter 19 of the Revised Statutes, an appeal lies from the determination of the Town Superintendent of schools in regard to the allotment and appraisal of property on the division of a school district by the party feeling aggrieved, to the State Superintendent.

The 63d Section of chapter 19 of the Revised Statutes, provides that on the division of a school district, the district retaining the school house and property shall by tax, raise and pay to the new district the amount ascertained by the town superintendent, and it is the duty of the district board so retaining the school house and other property, to raise the amount, the same as though *they* had been authorized by a vote of the district.

To raise such amount is a plain specific duty enjoined by law upon the board, and if they refuse or unreasonably neglect to act in the premises, they will be compelled by mandamus.

When a plain specific duty is imposed upon a public officer or body, and they refuse, or unreasonably neglect to perform the duties required of them by law, they will be put in motion by mandamus.

An action of assumpsit is not the proper remedy to recover an amount due by a municipal corporation which can only be raised by the imposition of a tax; but the Supreme Court will interfere to put the inferior officers in motion to accomplish the performance of the specific duty imposed on them by law.

In the matter of the apportionment of property on the division of a shool district, an appeal lies to the State Superintendent, and the awards of the town Superintendent in such cases cannot be enforced by action at law.

The plaintiff in error commenced a suit against the defendant in error before a justice of the peace of Sauk county, for the amount due from the defendant in error, as their proportion of the value of the school house and other property justly due to the plaintiff

June Term 1854.

School District No. 2
vs.
School District No. 1.

on the formation of district No. 2 by the town superintendent of the town of Prairie du Sac.

The defendant pleaded the general issee, with notice that the title to lands would come in question. To this plea the plaintiff demurred, and insisted that the plea of title was not sufficiently *alleged to oust the justice of jurisdiction.* The court held the notice sufficient, and the case was removed to the County Court.

By the bill of exceptions it appears that the issue was tried by the county judge, a jury having been waived. Upon the trial the plaintiff gave in evidence a paper containing the original petition of certain inhabitants of district No. 1, to the town superintendent of schools of the town of Prairie du Sac, for a division of district No. 1 ; also the proceedings of the said superintendent upon said petition, to wit : that he had set off certain territory described therein, for the purposes of district No. 2 in said town ; also the consent of the district board of district No. 1, and a map of said new district. It was also shown that the said paper had been on file in the office of the town clerk of the town of Prairie du Sac.

To the introduction of said paper the defendant objected, but the objection was overruled and the said paper admitted in evidence. The plaintiff also introduced the original certificate and notice of the superintendent, showing the proportion of property of district No. 1 due and belonging to such new district ; the admission of which paper was objected to by the defendant ; but the objection was overruled, and the paper admitted, to which ruling the defendant excepted.

On the part of the plaintiff in error, the town su

perintendent of schools of the town of Prairie du Sac, was produced as a witness, who testified that he made the division set forth in the paper referred to; that he gave due notice to the defendant of said division, and also the apportionment of their property made by him, which amounted to $88.40, which was the proportion of the value of the school house and other property as ascertained and determined by him. To the admission of this testimony the defendant objected. The objection was overruled, and defendant excepted.

The plaintiff next introduced in evidence, a deed of conveyance from the county commissioners of Sauk county, to said district No. 1, which conveyed to the trustees of school district No. 1, of Sauk county, a certain piece of land containing fourteen lots, for the use of said district, which evidence was objected to. Objection overruled, and said deed read in evidence.

The counsel for the defendant then moved the court that the plaintiff be non-suited, which motion was sustained, and a non-suit granted.

*Leland & Johnson,* for the plaintiff in error.

*William H. Clark,* for the defendant in error.

*By the Court,* CRAWFORD, J. The plaintiff in this action, (the plaintiff in error) has mistaken the remedy adapted to the circumstances of the case. We are satisfied that district No. 2 was properly organized in the mode provided by law; and if district No. 1 had any reason to feel dissatisfied with the action or decision of the town superintendent in altering the limits of the district, or in determining the proportion of the value of its property justly due to

the new district, an appeal to the State Superintendent was available under section 6 of chapter 19, and the decision of that officer on the subject would have been final. Such appeal not having been taken, we must presume that the decision of the town superintendent was acquiesced in.

Upon the determination of the amount justly due to the newly formed district, the 63d section of chapter 19 provides that the district retaining the school house or property, shall by tax, raise and pay over to the treasurer of the other district, the amount so ascertained by the town superintendent, and it is made the duty of the district board of the district retaining the school house or other property to raise the amount "in the same manner as if the same had been authorized by a vote of their district for the building of a school-house." Here, then, is a plain duty enjoined upon the district board, and we see no reason in this case, why the district board of district No. 1 have not performed it. But if they have unreasonably or contumaciously refused to do what the law has directed them to do, the proper remedy of district No. 2 is by *mandamus*, directed to district board of district No. 1.

Entertaining this view of the matter, we must reverse the judgment for costs rendered in the County Court, and order the case to be dismissed for want of jurisdiction of the subject. The remedy has already been pointed out.