## NIBLO v. DRAINAGE DIST. NO. 3 *et al.*

No. 6941.  Opinion Filed October 10, 1916.

(160 Pac. 468.)

1. **DRAINS—Drainage Districts—Actions—Parties.** Plaintiff sued drainage district No. 3 and board of county commissioners of Oklahoma county for damages alleged to have occurred as a result of the construction of a drainage ditch through plaintiff's land without notice to her or an opportunity to be heard. The drainage commissioner of said district was not made a party to the proceedings as required by section 2976, Rev. Laws 1910. **Held**, a demurrer to the petition on the ground of defect of parties defendant should be sustained.

2. **PARTIES—Objections—Demurrer—"Defect of Parties"—"Misjoinder of Parties."** Defect of parties" means too few, and not too many parties, and hence is not synonymous with "misjoinder of parties," which means an excess of parties.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County;*
*Geo. W. Clark, Judge.*

Action by Sarah E. Niblo against Drainage District No. 3 and the Board of County Commissioners of Oklahoma County. Judgment for defendants, and plaintiff brings error. Affirmed.

*Giddings & Giddings,* for plaintiff in error.

*Grant Stanley,* for defendants in error.

TURNER, J. On April 10, 1914, Sarah E. Niblo, plaintiff in error, sued drainage district No. 3 and board of county commissioners of Oklahoma county to recover damages for the construction of a drainage ditch through her land. She alleged that her lands had been rendered practically valueless by the construction of a ditch through same; that she had no notice of the construction of such

ditch, nor an opportunity to be heard, etc. On the 5th day of June thereafter she filed her amended petition against same parties, and alleged practically the same grounds, except she further alleged that no drainage commissioner had been appointed, as required by law. A demurrer was filed to said amended petition by defendants upon the grounds that "(1) there is a defect of parties defendant, and (2) that the petition does not state facts sufficient to constitute a cause of action," which demurrer was sustained and judgment rendered against plaintiff; and from that judgment plaintiff prosecutes this appeal, alleging that the court erred in sustaining the demurrer to her amended petition.

The court did not err in sustaining the demurrer on the ground of defect of parties. Section 2976, Rev. Laws 1910, in part, provides:

"In all suits in the district courts for condemnation or other proceedings, whether brought for or against such drainage district, the same shall be brought in the name and under the direction of said drainage commissioner."

This proceeding is attempted to be brought against the drainage district No. 3 and the board of county commissioners of Oklahoma county. While it is admitted by the demurrer that no drainage commissioner was appointed as required by law, yet, said section 2976 being mandatory, no suit can be brought for "condemnation or other proceedings" with reference to drainage districts unless "brought in the name and under the direction of the drainage commissioner."

"Defect of parties," under our statute, is a ground for demurrer. " 'Defect of parties' means too few, and not too many parties, and hence is not synonymous with 'misjoinder of parties,' which means an excess of parties."

31 Cyc. 294. Therefore the defect in the instant case was failure to join the drainage commissioner as defendant, without which plaintiff could not prosecute her action.

We deem it unnecessary to decide the question of the sufficiency of the petition to state a cause of action.

The judgment of the trial court is therefore affirmed.

All the Justices concur.