## COMMERCIAL NAT. BANK v. ROBINSON et al. (LOWRY et al., Interveners.)

No. 6997.—Opinion Filed Nov. 6, 1917.

(168 Pac. 810.)

### 1. Mandamus—Acts of Municipal Officers—Delivery of Bonds.

Where, pursuant to the statute, specifically authorizing the same, municipal officers have entered into a contract for street improvements to be paid for by delivery of improvement bonds at par value to the amount due the contractor, and such improvements are completed according to contract and accepted, delivery of bonds, regularly issued for such purpose, may be compelled by mandamus.

### 2. Pleadings in Mandamus—Express Statutory Provision.

The only pleadings or written allegations permitted in a mandamus proceeding are the writ and answer.

(Syllabus by Bleakmore, C.)

Error from District Court, Payne County; A. H. Huston, Judge.

Mandamus by Commercial National Bank, as assignee of the Dudley Construction Company, against James W. Robinson and others, Mayor and Commissioners of the City of Stillwater, Okla., in which R. A. Lowry and others were permitted to intervene. Writ denied, and plaintiff brings error. Reversed and remanded with directions to issue the peremptory writ of mandamus.

T. H. Stanford and G. T. Stanford, for plaintiff in error.

Chester H. Lowry, for defendants in error.

Opinion by BLEAKMORE, C. This case presents error from the district court of Payne county, wherein the plaintiff in error, as assignee of the Dudley Construction Company, sought by mandamus to compel the mayor and commissioners of the city of Stillwater to deliver to it certain improvement bonds issued conformably to the provisions of article 12, c. 10, Revised Laws 1910. In answer to the alternative writ the city officials attempted to justify refusal to deliver the bonds solely on the ground that the contractor had failed to perform the contract by refusal to pay certain claims for labor and material. Numerous persons asserting demand against the Dudley Construction Company for labor and materials, and one who declared upon a subcontract for the paving of a street upon which his property abutted, were permitted to intervene. On trial, the court below,

made the following, among other, findings of fact:

"(1) That said Dudley Construction Company has failed to perform its contract in the matter of paying the claims of laborers and materialmen arising out of the prosecution of the work, involving said contract, and would not be entitled to a delivery of the bonds by reason of such failure; (2) that the assignee of said Dudley Construction Company, the plaintiff herein, stands in the place of said Dudley Construction Company, and is therefore not entitled to a delivery of said bonds."

The writ was denied.

The undisputed facts necessary to a determination of the case are that the mayor and commissioners of the city of Stillwater, having determined to improve certain streets by regular proceedings, issued improvement bonds, and entered into a contract with the Dudley Construction Company, by the terms of which such bonds were to be delivered to the contractor at par value in payment of the amount due it on such contract; that the improvements were made according to contract and accepted by the city, and a portion of such bonds delivered; that the remainder of the bonds of the par value of $15,000, was retained by the mayor and commissioners, who, after proper demand therefor, refused to turn the same over to the plaintiff.

We are of opinion that the judgment of the trial court, denying a peremptory writ of mandamus, constituted prejudicial error. It is contended by defendants in error that the writ should not go for the reason that the plaintiff in error had a plain, speedy, and adequate remedy in the ordinary course of law. Obviously no action for debt or breach of contract would lie against the city or its mayor and commissioners, for the reason that the contract price of the improvements in question was payable alone in the specific bonds, delivery of which is sought to be compelled, and neither these bonds nor the obligation to pay for such improvements is or could become a charge against the city payable out of its general funds. The bonds were issued pursuant to section 636, Rev. Laws 1910, which provides:

"Said bonds, or such portion thereof as may be necessary to provide for the payment of the assessments, interest, and costs remaining unpaid, shall be sold at not less than par, and the proceeds thereof applied to the payment of the contract price of said improvement and the other expense incurred by the city in connection with such improvement or issuance of such bonds; or

such bonds, in the amount that may be necessary for such purpose, may be turned over and delivered to the contractor at par value in payment of the amount due him on his contract. * * *"

By section 635 it is provided:

"* * * Which bonds shall in no event become a liability of the city issuing the same."

Under the terms of the statute, the municipal officers were empowered either to sell the bonds and pay for the improvements out of the proceeds, or to deliver such bonds to the contractor at par in satisfaction of the amount due him on his contract. By entering into the contract in suit such officers chose the alternative of paying the contractor by delivery of the bonds. The specific bonds provided for by the contract to be delivered had been duly issued, and delivery thereof as provided by the statute was refused solely for the purpose of coercing payment by the contractor of certain claims of laborers and materialmen, for which the municipality was not bound and about which it was not legally concerned. Wilson v. Nelson, 54 Okla. 457, 153 Pac. 1179. We recognize the rule that the mandamus does not lie to enforce mere contractual duties; that its proper function is to compel that performance of duties incumbent by law upon the parties against whom the writ is sought, but, under the circumstances of this case, are of opinion that the municipal officers in declining to deliver the bonds in question not only defaulted as to the terms of the contract, but arbitrarily refused to perform a plain ministerial duty imposed upon them by law, and plaintiff rightly invoked the coercive powers of the court to compel the performance of such duty. A remedy at law which will operate as a bar to mandamus must ordinarily be such as will enforce the right or compel the performance of the duty; and the remedy is not plain and adequate unless it is commensurate with the necessities and rights of the complaining party under all the circumstances of the case. In the instant case we do not regard replevin as a plain and adequate remedy. Although it is an action designed for the recovery of specific personal property, yet in replevin the defendants might, if they saw fit, by execution of an undertaking, retain the bonds in question, and thus evade the performance of their official duty to deliver them under the terms of the statute.

"A ministerial act is one which a public officer or agent is required to perform upon a given state of facts in a prescribed manner in obedience to the mandate of a legal authority and without regard to his own judgment or opinion concerning the propriety or

impropriety of the act performed." Merrill on Mandamus, p. 30.

In City of El Reno et al. v. Cleveland-Trinidad Paving Co., 25 Okla. 648, 107 Pac. 163, 27 L. R. A. (N. S.) 650, an action by the paving company seeking to enjoin the city authorities from publishing and putting into effect an ordinance repealing a certain assessing ordinance passed for the purpose of providing means to pay for a portion of the city streets, for the performance of which work the company and the city had entered into a contract, this court, speaking through Mr. Justice Kane, said:

"It being settled that all of the proceedings of the city authorities up to the time of letting said contract were regular, after the letting of the contract no discretion of any kind is vested in the city or its municipal council. Whether its action in declaring a necessity to pave, etc., or in ascertaining that no sufficient protests had been made and determining to proceed with the improvement is legislative or administrative does not concern us in this connection. After the contract has been let, the statute is mandatory in its terms that the council shall appoint appraisers, shall levy an assessment, shall provide for the issuance of bonds, that the mayor and clerk shall sign and attest the bonds, that the clerk shall publish notice of the time when the first assessment becomes due and payable, and shall certify to the county treasurer such assessments as are not paid within the time specified. All of these duties are ministerial, and the council, mayor, or clerk are left without any discretion as to whether they * * * shall not perform them."

"That mandamus will lie to compel a public officer to perform a ministerial duty, one that involves no exercise of judgment or discretion, is too well settled to require the citation of authorities." Smock v. Farmers' Union State Bank, 22 Okla. 825, 98 Pac. 945.

In Commissioners of Noble County v. Hunt & Co., 33 Ohio St. 169, it is held:

"The county commissioners having accepted, as completed according to contract, a road improvement, ordered by them to be made in pursuance of statutes authorizing payment therefor to be made in bonds of the county to be issued to the contractor on completion of the improvement and acceptance thereof, and the commissioners refuse to deliver to the contractor the bonds to which he is entitled, mandamus, and not appeal, is the proper remedy for redress."

And in the body of the opinion it is said:

"Where, as in this case, the contract specifies that the improvement is to be paid for in bonds of the county, upon estimates rendered or the completion of the work, and it is accepted by the board of county commissioners, it is the duty of the commissioners to deliver them. This duty is ministerial, and in no way involves judicial discretion. Hence mandamus, upon refusal, is the appropriate means to enforce the performance of the duty."

In Smalley v. L. R. Yates, Mayor of the City of Hiawatha, et al., 36 Kan. 519, 13 Pac. 845, it is held:

"1. Mandamus lies in all cases where the plaintiff has a clear legal right to the performance of some official or corporate act by a public officer or corporation, and no other adequate, specific remedy exists.

"2. When a person desires to be placed in the possession of a right illegally and unjustly withheld from him, the writ of mandamus is a proper remedy to give the thing itself, the withholding of which constitutes the injury complained of.

"3. Where a city of the second class, through its mayor and council, enters into an agreement to execute and deliver to a lawful purchaser thereof certain waterworks bonds of the city * * * and the purchaser of such bonds fully complies with all of the terms of the agreement upon his part, and the mayor and council refuse to comply with their official duty in that respect, held, mandamus will lie to compel the mayor and council to execute and deliver the bonds to the purchaser of the same according to the terms of the agreement of the parties."

In Chicago, K. & W. R. R. Co. v. Board of Commissioners of Chase County et al., 49 Kan. 399, 30 Pac. 456, "a proceeding brought * * * to compel the defendants to issue and deliver to plaintiff the bonds of Chase county in accordance with the vote of the people and contract of the parties," it was said:

"It appears, therefore, that the plaintiff has earned the bonds of the county, and was entitled to the delivery of the same after June 1, 1887, upon demand."
—and the writ issued.

In A., T. & S. F. R. R. Co. v. County of Jefferson, 12 Kan. 127, an alternative writ of mandamus was issued, directed to the defendants, commanding them to receive from the railroad company its certificates of paid-up stock to its capital stock to the amount of $150,000, as had been tendered by the company, and that upon receipt thereof the defendants duly issue and deliver to the railroad company, in payment of said capital stock, the bonds of the county, in accordance with the terms and conditions of a subscription to such capital stock made pursuant to a vote of the people. In the opinion, Mr.

Justice Brewer, speaking for the court, said:

"But it is insisted that whatever rights the plaintiff may have must be enforced in a different action; that no mandamus will ever issue to command the doing of an act which is forbidden to be done by a valid injunction order of a competent court, because thus the party would be placed between two fires, and liable to punishment for contempt in either event. It is said that the writ of mandamus lies within the discretion of the court, and that the mere fact that a party has rights will not necessarily entitle him to the writ; that no court will exercise this discretion in such manner as to place the defendant in jeopardy of punishment. That this writ, originally a prerogative writ, and solely a matter of discretion, still partakes of its original nature so far that it yet remains largely within the discretion of the court cannot be doubted. State v. Marston, 6 Kan. 525. But in the exercise of that discretion regard must be had to the rights of the plaintiff, as well as to the dangers of the defendant. If these rights can be secured only through this writ, it would be simply an abuse of discretion to refuse it. If the plaintiff has any rights, the law guarantees to it a time and place and tribunal to enforce them. Those rights cannot be destroyed by a decree to which it is neither party nor privy. It becomes necessary, therefore, to inquire into the matter of the plaintiff's claim, and how rights like those it asserts can be enforced. This is an extraordinary remedy it is pursuing. The statute declares that 'this writ may not be issued in any case where there is a plain and adequate remedy in the ordinary course of the law' (Code, sec. 689), and to the same effect are all the authorities. Equity will not interfere when the law is potent to give relief; and in an equally emphatic sense is it true that mandamus will not lie when relief can be obtained in the ordinary proceedings. The plaintiff asserts a subscription to the county of Jefferson to its capital stock, and a compliance by it with the terms of the subscription and demands the bonds of the county, as promised by its subscription. Now, the remedy usually pursued in such cases is the one pursued by plaintiff; that is, to apply for a mandamus. And the right to this remedy has been uniformly sustained. Moses, Mand. 102; Cincinnati, W. & Z. R. Co. v. Clinton Co. Com'rs, 1 Ohio St. 77; People v. Mitchell, 35 N. Y. 551; Commonwealth v. Allegheny Co. Com'rs, 32 Pa. (St.) 223. And as mandamus will not lie where there is a plain and adequate remedy in the ordinary proceeding of the law, it follows that in the judgment of these tribunals, at least, the ordinary remedies of law are insufficient for a proper enforcement of the rights claimed. And indeed it is difficult to see by what proceeding other than mandamus the bonds themselves could be obtained."

In High's Extraordinary Legal Remedies, § 357, it is said:

"So, too, when services are rendered to a county, to be paid for in the bonds of the county, and the work is accepted by the proper county officers, whose duty it is to deliver the bonds in payment, such duty may be enforced by mandamus; it being of a ministerial nature and involving the exercise of no discretion."

And again it is said by the same author (section 389):

"The propriety of the writ of mandamus, as a means of compelling delinquent municipalities to discharge liabilities which they have incurred under stock subscriptions in aid of railways is thus shown to be fully established. Nor is the interference of the courts for this purpose confined to cases where the bonds or obligations of the municipal corporation have already been issued but the relief may also be granted to enforce the subscription and to compel the issuance of the municipal securities pledged in aid thereof. * * * In such case, a clear, legal right is shown on the part of the railway company, involving a corresponding official duty on the part of the municipal authorities, for the performance of which mandamus affords the only adequate and specific remedy."

See, also, School Dist. No. 2 v. School Dist. No. 1, 3 Wis. 333; Baker v. Johnson, 41 Me. 15; People v. Edmonds, 19 Barb. (N. Y.) 468; Hall v. Selectman of Somersworth, 39 N. H. 511.

The trial court erroneously permitted claimholders against the Dudley Construction Company to intervene in the cause. The only pleadings or written allegations permitted in a mandamus proceeding are the writ and answer. Section 4915, R. L. 1910.

It follows that the judgment of the trial court should be reversed and the cause remanded, with directions to the trial court to issue the peremptory writ of mandamus requiring the delivery of the bonds to plaintiff in error.

By the Court: It is so ordered.