## MONTGOMERY v. KROUCH et al.

No. 9119—Opinion Filed Dec. 23, 1919.

(Syllabus by the Court.)

**1. Drains—Action by Landowner for Damages—Parties.**

In an action by a landowner within a drainage district against the drainage district, the drainage commissioner is a necessary party defendant.

**2. Same—Statutory Procedure for Cleaning Out and Repairing Drains.**

Where a person's lands are included in the drainage district, and he deems it necessary to have said drainage ditch cleaned out or repaired, he must follow the procedure set forth in section 3009, Rev. Laws 1910, which provides for filing a written notice with the county commissioners of said county; and if he fails to comply with the provisions of said section of the statute, he cannot maintain an action for damages against the district for their failure to clean out said drain or ditch.

**3. Same—Liability of Drainage Districts to be Sued.**

The general rule is that drainage districts can neither sue nor be sued unless provided by statute.

**4. Same—Liability of Drainage Commissioners.**

The procedure for cleaning out and repairing a drainage ditch is prescribed by sections 3009 and 3010, Rev. Laws 1910, and the power and authority to repair and clean out a drainage ditch is not conferred on the drainage commissioner of the district under

and by virtue of section 2976, Rev. Laws 1910; therefore, no such authority or power being conferred on him, such drainage commissioner is not liable individually for failure to clean out or repair said drainage ditch.

**5. Same—Assessment for Benefits—Relief by Injunction—Remedy by Appeal.**

Where the commissioners of a drainage district have, by pursuing the provisions of the Drainage Act (section 2959-3023, Rev. Laws 1910), acquired jurisdiction to make assessments against property in the district for benefits, and the property owners have been given notice of a hearing on said assessments, as provided by statute, and have had an opportunity to be heard upon their objections thereto, such property owners cannot be heard to say in a proceeding for injunction that the assessments levied by the commissioners are greater than the benefits received, or are not in proportion to those levied upon other property receiving corresponding benefits, because such property owners have, by reason of section 2979, Rev. Laws 1910, an adequate remedy by appeal.

Error from District Court, Pottawatomie County; Chas. B. Wilson, Jr., Judge.

Action by W. M. Montgomery against the County Commissioners of Pottawatomie County, as ex-officio Drainage Commissioners, and others. Judgment for defendants, and plaintiff brings error. Affirmed.

McClain Taylor and T. G. Cutlip, for plaintiff in error.

G. A. Outcelt, Clyde G. Pitman, and W. F. Durham, for defendants in error.

McNEILL, J. W. M. Montgomery, the plaintiff brought suit against the county commissioners of Pottawatomie county, as ex-officio drainage commissioners of Little River drainage district No. 1, Little River drainage district No. 1, the drainage commissioner for said district, the county clerk, and the county treasurer of said county.

In the first cause of action the petitioner alleged the creation of Little River drainage district No. 1 by the board of county commissioners of said county on or about the 20th day of May, 1910, and that said commissioners were ex-officio commissioners of said drainage district, and had appointed a drainage commissioner.

The petition further alleged that the plaintiff was the owner of certain land within said drainage district, and that the drainage commissioner and the drainage district had failed and neglected to keep the ditch or drain in repair, and failed to clean out said ditch, and that by reason of such neglect, logs, trees and sediment gathered in said ditch and caused the same to overflow upon the lands of the plaintiff. The petition al-

leged that the contractors who constructed said ditch, in order that they might float their dredge boat while constructing said ditch, built a dam across the mouth of said ditch of sufficient size to cause the water in said ditch to back up in said ditch, and when said drainage ditch was completed neither the contractor, nor county commissioners, nor said drainage commissioner removed said dam, and that, by reason of same being permitted to remain in said ditch, it caused sediment to gather in the ditch and the water to back up and overflow on plaintiff's land. There is also an allegation that the ditch was too small and not of sufficient size to carry the water which would drain through said ditch, all of which caused the drain to overflow and to deposit sediment on plaintiff's land.

The plaintiff alleged that he had requested the drainage commissioner to file suit against the drainage district for damages to his real estate caused by the overflow of said drain. Upon his first cause of action the plaintiff prayed for judgment against the drainage commissioner.

As to the second cause of action, plaintiff reiterates the allegation of the first cause of action, and alleges that the drainage commission has failed to remove the dam and to widen, clean out, and repair the ditch, and asks damages against the drainage commissioner individually.

The third cause of action alleged in the petition seeks to enjoin the county treasurer from extending certain assessments on the tax rolls, and collecting certain taxes levied against the land for Little River drainage district No. 1. The petition alleges that, by reason of the failure or neglect to remove the dam and clean out and widen the drain and to construct laterals leading to the ditch, no assessment for the payment of benefits should be levied against the plaintiff's land.

The defendants filed demurrers to each cause of action stated, for the reason the same did not state facts sufficient to entitle plaintiff to any relief, which demurrers were sustained by the court.

For reversal the plaintiff in error first contends that it was the duty of the drainage commissioner to bring suit against the drainage district for his damages, and relies upon section 2976, Rev. Laws of 1910. This question has been settled by this court adversely to plaintiff in error's contention in the case of Niblo v. Drainage District No. 3, 58 Okla. 639, 160 Pac. 468, wherein the court held, in substance, that an action for damages against a drainage district the action could not be maintained unless the drainage commissioner was made a party defendant. There-

fore it was not necessary for the drainage commissioner to bring said suit, but sufficient if he was made a party defendant.

It is next contended by plaintiff that if he is unable to maintain this action, he has no remedy. But with this we cannot agree. Section 3009, Rev. Laws 1910, makes provision for cleaning out or repairing drainage ditches, and provides, in substance, that after the drainage ditch has been constructed, any owner of land, originally assessed, may file a statement in writing with the county commissioners setting forth the necessity for cleaning out or repairing said drain, and the commissioners shall instruct the drainage commissioner to examine the drain, and report the estimate of the cost of cleaning out or repairing the drain, and said section then provides how the cost shall be divided and prorated according to the original assessment. It is then provided in section 3010 how the costs become a lien upon the land for the cleaning out and repairing of said ditch, and for advertising and letting a contract for said work.

Plaintiff in error relies on section 2976, Rev. Laws 1910, which defines the duties of the drainage commissioner, as to inspecting the drains and improvements with the view of keeping the same in repair and cleaned out, and plaintiff alleges that the defendant has failed to do his duty. But if we look to section 3006, Rev. Laws 1910, it provides that each landowner must keep the drain on his own premises open and free from obstructions, and a failure upon his part to do so makes him liable for the expenses of removing said obstructions or cleaning out the same. Section 2976, Rev. Laws 1910, makes it the duty of the commissioners to inspect the drain, but no provision is made in the law how he may clean out or repair said ditch, but the procedure for cleaning and repairing the drain is provided in sections 3009 and 3010, Rev. Laws 1910, and the plaintiff has failed to comply with these provisions of the statute.

Plaintiff in error next contends that his remedy is not regulated solely by statute, but that he has a common-law right to maintain said action. If plaintiff in error relies upon the common-law right to maintain his action, we look to the common-law right upon this subject, and the general rule of law is stated as follows:

"The general rule is, that the drainage district can neither sue nor be sued unless the statute so provides."

As was said by the Supreme Court of Arkansas in the case of Wood v. Drainage District No. 2, 161 S. W. 1057, on page 1060:

"So here it may be said that the drainage district has only such power and has only such liabilities as are prescribed by the statute creating it. The district has no property out of which a judgment for tort could be satisfied. It is true it has the power to levy assessments, but this can be done only for the purposes provided in the act. And the statute does not give it any power to levy assessments for the satisfaction of judgments for tort against it. Therefore we hold that the district was not liable, under the allegations of the complaint."

This same rule is announced in the case of Mittman v. Farmer, Iowa, 142 N. W., 991, and annotated in American and English Annotated Cases, vol. 37, page 29. To the same effect is the case of Elmore v. Drainage Commissioners (Ill.) 25 N. E. 1010. The Supreme Court of Arkansas, in the case of Wood v. Drainage District No. 2, supra, held that the contractor who had negligently constructed the drain would be liable for his acts of negligence, but no action could be maintained against the drainage district. The plaintiff's remedy is provided for by statute, and having failed to comply with the statutory provisions, he cannot rely upon a common-law liability.

For the reasons stated, it was not error to sustain a demurrer to the first cause of action.

The second count was directed against the drainage commissioner, as an individual, for damages. From an examination of the statute, it can be readily seen that the drainage commissioner is under no duty to clean out the drainage ditch. While it is true, section 2976, Rev. Laws 1910, provides that he must inspect said drain with the view of keeping the same in repair and cleaned out, yet it does not authorize him to do so, nor provide him with any means to perform the work, nor can he expend any money for that purpose. The statute provides for an assessment to be made for that purpose, and provides in section 3010 that the repairing and cleaning out of the drain shall be advertised and contracted for in the same manner as letting the contract for making the original drain. Under this state of the law, there would be no liability in so far as the drainage commissioner is concerned. There is a line of cases that hold "that officers, where their duties are absolute, certain, and imperative, and involve the execution of a set task—in other words, are merely ministerial—are liable in damages to anyone who can show that he has suffered a special injury through their neglect in respect to some right which the law assures to him." But these cases are not similar to the case at bar, as the law imposes on the drainage commissioner no direct duty to clean out a drainage ditch.

Therefore these cases do not apply to the

case at bar. It is contended that the petition alleged that the drainage commissioner had sufficient funds, and alleged that such were his duties, and therefore the petition stated a cause of action. While the general rule is that the demurrer admits the allegations of the petition, yet where the duties and authority of an officer are regulated by statute,. a demurrer does not admit those allegations that are in conflict with the statute, and they will not be taken as admitted. The second count in the petition does not state a cause of action.

The third count of the petition seeks to enjoin the county treasurer from extending certain assessments on the tax rolls and from collecting the same as taxes against plaintiff's land. This question has been settled by this court against the contentions of plaintiff in error in the case of Gayman. County Treasurer, v. Mullen, 58 Okla. 477, 161 Pac. 1051; Davis v. Board of County Commissioners of Lincoln County, 45 Okla. 284, 137 Pac. 114.

The statute has given to the plaintiff a remedy and the procedure to follow for cleaning out said ditch or drain. Plaintiff having failed to comply with said statute, and having attempted to allege a cause of action without complying with the same, and admitting he had not complied with the statute, his petition failed to state a cause of action and it was not error to sustain the demurrer.

For the reasons stated, the judgment of the court is affirmed.

OWEN, C. J., KANE, JOHNSON, HIGGINS, and BAILEY, JJ., concur.