BOARD OF COM'RS OF WAGONER COUNTY et al. v. DISTRICT COURT OF WAGONER COUNTY et al.

No. 33239. Oct. 5, 1948.

*198 P. 2d 428.*

John S. Moss, County Atty., of Wagoner County, and Charles G. Watts, both of Wagoner, and Looney, Watts, Ross, Looney & Smith, of Oklahoma City, for petitioners.

Fred W. Martin and G. F. Waggoner, both of Wagoner, for respondents.

LUTTRELL, J. This is a petition for a writ of prohibition, invoking the original jurisdiction of this court. Petitioners are the board of county commissioners of Wagoner county, and the owners of lands in Verdigris drainage district No. 1 in Wagoner county. The petition asks this court to issue the writ to prevent the enforcement of a judgment, which petitioners allege is illegal and void, entered by the district court of Wagoner county against the board of county commissioners of that county, in cause No. 10,561 on May 17, 1946.

Respondents in their response deny that the judgment is illegal and void, but contend that it is in all respects valid.

From the petition and response it appears that after Verdigris drainage district No. 1 had been organized and the improvements contemplated by the original proceeding had been paid and the bonds issued discharged, the county surveyor of Wagoner county, in 1933, apparently purporting to act for the district in some manner not clearly disclosed by the pleadings, incurred an indebtedness sought to be charged against the district, but which petitioners allege was illegal because not incurred as provided by law. This alleged indebtedness was evidenced by warrants issued pursuant to a judgment against the district in cause No. 8527, district court of Wagoner county, the judgment being rendered on December 10, 1943. This judgment was rendered on an appeal taken by claimant from the action of the board of county commissioners disallowing the claims, and directed the board of county commissioners as the board of drainage commissioners of said district to allow the claims and issue warrants therefor. This order was enforced by a contempt proceeding brought against the board of county commissioners.

Thereafter, by subsequent proceedings in mandamus in cause No. 10378 in the district court, the county treasurer of Wagoner county was required to register the warrants issued as aforesaid.

Thereafter, by a judgment rendered in an action on the warrants, being No. 10561 in the district court, brought against the board of county commissioners of Wagoner county, it was ordered by the district court that said judgment be paid in the due and ordinary administration of the county's affairs, from a fund arising from assessments levied upon the lands composing Verdigris drainage district No. 1.

Prior to the bringing of the action last mentioned, neither the drainage commissioner for Verdigris drainage district No. 1 nor the landowners in said district had, so far as the record shows, seriously contested the rendition of the judgments, nor did the defendants in any of said cases appeal from said judgment to this court. The landowners attempted to intervene in the cause last mentioned, No. 10561, but their petition in intervention was denied by the trial court, and no appeal was taken from that denial. The county commissioners likewise filed a motion in said cause to vacate the judgment, which motion was denied, and no appeal taken from that denial. After the judgment was rendered in cause No. 10561, the plaintiffs below brought a proceeding in mandamus against the county excise board of Wagoner county to require it to include the judgment of plaintiffs in the budget for the county for the fiscal year 1947-1948, and to make a levy against the land in Verdigris drainage district No. 1 for said fiscal year and the two next succeeding fiscal years, thus creating a fund for the payment of said judgment. This action is now pending. It also appears that plaintiffs had brought another proceeding in mandamus against the board of county commissioners to require them to comply with 82 O. S. 1941 §§401, 402 and 403, providing for the levy of a tax to pay judgments against drainage districts, and that said action is now pending.

Petitioners base their claim for a writ of prohibition upon the proposition that all of said judgments are void; that unless prohibited the district court will grant writs of mandamus in the two cases now pending, requiring the county commissioners and the excise board to provide for the payment of said judgment by a levy of assessments against the lands in the district; that this constitutes an unauthorized and illegal exercise of judicial power beyond the jurisdiction of the district court,

and that petitioners have no adequate remedy at law.

In State ex rel. Mays v. Breckenridge, 43 Okla. 711, 142 P. 407, we said:

"It is a well-settled rule of law, often recognized by this court, that prohibition is an extraordinary writ, and cannot be resorted to when the ordinary usual remedies provided by law are available."

A number of cases were cited in support of that statement, and the rule so announced has been followed by this court in numerous cases. See cases cited in Oklahoma Digest, Title Prohibition, Key No. 3, and Note 26 to art. 7, section 2 O.S.A. Const.

From the pleadings and briefs filed in the case at bar we are unable to determine the facts and circumstances surrounding the incurring of the indebtedness sought to be collected from the drainage district, or the reasons why apparently no contest was made by the drainage commissioner or the landowners in said district, petitioners herein, to the rendition of the judgments which petitioners allege are illegal and void. But we think petitioners and the drainage district have adequate remedies at law, and that, therefore, we may not, under the authorities above cited, issue the writ as prayed for. By 82 O.S. 1941 §411, it is made the duty of the drainage commissioner to represent the drainage district in all actions or proceedings for or against the drainage district. See Montgomery v. Krouch, 77 Okla. 51, 186 P. 218; Niblo v. Drainage District No. 3, 58 Okla. 639, 160 P. 468. We think the drainage commissioner, under authority granted by this section, may be made a party to or intervene in the pending actions seeking to enforce the various judgments which petitioners contend are void. Such intervention is authorized by 12 O.S. 1941 §§231, 236.

In Morton v. Baker, 183 Okla. 406, 82 P. 2d 998, we said:

"A plea of intervention is proper in a case where it is shown by the pleadings of the plaintiff and defendant that another party has an interest in the subject matter of the lawsuit, and it is error to refuse a plea of intervention under such circumstances."

Certainly the drainage commissioner and petitioners are vitally interested in the levying of an invalid or void assessment against the lands of the district, or in any proceeding seeking to establish and enforce a lien against the lands therein.

In Commercial National Bank v. Robinson, 66 Okla. 235, 168 P. 810, we held that there could be no intervention in a mandamus proceeding. As applied to that case we think such holding was correct, but as a general statement of the law it is too broad. That case has never been followed by this court, and in Oklahoma City v. Excise Board of Oklahoma County, 193 Okla. 189, 141 P. 2d 805, we expressly approved the right of the board of county commissioners of Oklahoma county to intervene in a mandamus action in order to question the validity of a statute sought to be enforced in said proceeding. If in such case for any reason the drainage commissioner fails or refuses to act, then, we think, upon a showing of such failure or refusal, the landowners in such district would have the right to intervene and be made parties defendant, and set up the invalidity of the judgment sought to be enforced. Certainly they are interested parties whose intervention is authorized by sections 231 and 236, supra.

We are also of opinion that when the levy made pursuant to the writ of mandamus issued by the district court is sought to be collected from the district if the judgment on which such levy is made is void, as contended by petitioners, the drainage commissioner, or the landowners, or both, could enjoin the collection of said taxes under authority granted by 12 O.S. 1941 §1397. In such proceedings in the lower court, whether by intervention or injunction, testimony could be introduced and the facts and circumstances surrounding the en-

tire transaction resulting in the judg-ments above specified could be ade-quately developed, and the right of appeal would exist if the drainage com-missioner or the landowners were de-nied their rights.

In any event we hold that the peti-tion does not sufficiently disclose that petitioners have no adequate remedy at law, and in such case under the au-thorities cited above we may not issue the writ as prayed for.

Writ denied.