. John GARVIN, Petitioner,

v.

David HARRIS, Associate District Judge of the District Court of Adair County, Oklahoma, Assigned to the District Court of Sequoyah County, Oklahoma, Respondent.

No. 46222.

Supreme Court of Oklahoma.

April 10, 1973.

Scoufos & Montgomery, Sallisaw, for petitioner.

Jim Jones, Sallisaw, for respondent.

SIMMS, Justice:

Petitioner, a shareholder-member of the Sequoyah Round-Up Club, a non-profit Oklahoma Corporation, hereinafter referred to as the "Club," seeks prohibition against respondent Judge from enforcement of an allegedly invalid order, directing an election of officers be held and the conditions governing said election.

The order complained of directed an election of new officers of the "Club" in accordance with its by-laws, and in addition, *permits the voting in said election of officers by persons who have become shareholder-member subsequent to the time the election was to be held according to the by-laws of the "Club."*

A review of the record and briefs discloses that on or about September 26, 1972, the then existing officers of the "Club," without notice, held a meeting at which they re-elected themselves to office. Thereafter, petitioner sought mandamus and an accounting in the District Court of Sequoyah County to require an election be held in accordance with the by-laws of the organization, which, among other things provides for notice of "any" meeting to shareholders-members by the Secretary/Treasurer.

Following the filing of the mandamus action in District Court, those shareholder-members who felt aggrieved by the election of September 26, together with the officers of the "Club," unsuccessfully attempted to conduct an election of officers without the necessity of supervision of the court.

On November 6, petitioner filed below an "Application for Order Calling an Election," requesting the court to fix a date for the election of officers, as well as establish rules and procedures to govern the election.

Thereafter, on November 28, the Honorable Bill Ed Rogers, Associate District Judge, Sequoyah County, ordered an election be held on December 15, at a designated place, provided for notice and the procedures governing the conduct of the election.

Judge Rogers' order specifically provided: "that the members of Sequoyah Round-Up Club eligible to vote—are those who appear on a membership list as constructed from the books and records of said Sequoyah County Round-Up Club, said list being attached hereto and made a part hereof and incorporated herein as if fully written in words and figures, and marked 'Exhibit A.' * * * * the list of members of said Sequoyah Round-Up Club include the past rodeo queens from said

club from and including the year 1959 to 1972, both inclusive."

Eddie Robinson and Barbara Robinson, as purported shareholder-members of the "Club," thereafter obtained leave to intervene in the mandamus action and filed a motion for new trial or re-hearing upon the grounds their names, among others, were not included in the list of persons eligible to vote, attached to the order entered by Judge Rogers. Whereupon Judge Rogers certified his disqualification.

Respondent Judge was then assigned to hear the case.

Respondent, on December 8, entered the order in question directing the election be held on January 9, 1973; appointed a committee of five persons to sell additional membership-shares, and opened the election of officers to all past shareholder-members, as well as THOSE WHO BOUGHT NEW MEMBERSHIPS December 8 thru noon, January 9, 1973.

■ Although no direct authority from this jurisdiction is cited, respondent concedes that mandamus will lie to compel the officers or directors of a corporation to call and conduct a corporate election in accordance with the by-laws of the corporation. See: 18 C.J.S. Corporations § 558, 55 C.J.S. Mandamus § 221; 15 A.L.R.2d 615. We find this statement of law in essence to be correct. ·

Petitioner, however, asserts, both before the trial court and this Court, that because the Robinson's were not named parties to the original mandamus action, the trial court erred in permitting them to intervene, and their motion for new trial constitutes a collateral attack upon the order entered by Judge Rogers on November 28; which order and writ of mandamus had become absolute, and not subject to modification by the subsequently assigned Judge.

Title 12, O.S.1971, § 1459, provides:

"No other pleading or written allegation is allowed than the writ and answer; these are the pleadings in the case, and have the same effect, and are to be construed and may be amended in the same manner, as pleadings in a civil action; and the issues thereby joined must be tried, and the further proceedings thereon had, in the same manner as in a civil action."

■ Commercial National Bank v. Robinson, 66 Okl. 235, 168 P. 810 (1917), holds for the proposition that it was error for the trial court to permit intervention by claimants in a mandamus action, stating that under the statute the only pleadings in a mandamus action are the writ and the answer. We can, therefore, only conclude that the trial court erred by permitting the intervention by other stockholder-members into the mandamus action. No authority to the contrary is cited in respondent's brief.

It therefore follows that the order and writ of mandamus issued by the Honorable Bill Ed Rogers on November 28, 1972, had become final and absolute. That portion of the order issued by respondent permitting those shareholder-members who were not eligible to vote in said elections at the time set forth in the by-laws is without legal authority, and the enforcement of that portion of the order should be prohibited.

Nothing in this opinion is to be construed as affecting the right of the persons who were bona fide shareholder-members of the "Club" on or about October 1, 1972, to take appropriate action in the trial court to establish their right to cast their vote at the election of officers, the date of which election will again have to be fixed by the trial court.

Writ of prohibition granted.

All the Justices concur.