Billy P. ADKINS and Yvonne Adkins, Appellants,

v.

MUSTANG FUEL CORP., a corp., and Board of County Commissioners of the County of McClain, et al., Appellees.

No. 46185.

Supreme Court of Oklahoma.

July 2, 1974.

Rehearing Denied Nov. 12, 1974.

Thomas G. Smith, Purcell, for appellants.

Lee B. Thompson, Oklahoma City, for appellees.

SIMMS, Justice:

This appeal is from the trial court's denial of a petition in intervention in an action in mandamus brought by Mustang Fuel Corporation (Mustang) to force the Board of Commissioners of McClain County (Board) to issue a permit to lay Mustang's pipeline for approximately three-fourths of a mile under a county dirt road. The attempted intervenor (landowner) owns land adjacent to the county road in question.

The trial court, in finding that the landowner was not a necessary party to the mandamus action, stated:

"The court is of the opinion that any acts that might be done by the Board of County Commissioners is within their

exclusive jurisdiction and not subject to the control of the abutting landowners, so the objection to the filing of the petition in intervention will be sustained . . . ."

The statute requiring indispensable parties be brought in is 12 O.S.1971, § 236, which provides in part:

" . . . when a determination of the controversy cannot be had without the presence of other parties, the court must order them brought in."

The landowners claim that the damages provision in 52 O.S.1971, § 4, governing the construction of a pipeline on a road adjacent to their property vests in them a right to intervene. The cited statute provides:

"The laying, constructing, building and maintaining a gas pipeline for the transportation or transmission of natural gas along, over, under, across or through the highways, roads, bridges, streets, or alleys in this State, or of any county, city, municipal corporation or any other private or public premises within this State is hereby declared an additional burden upon said highway, bridge, road, street or alley, and any other private, or public premises and may only be done when the right is granted by expressed charter from the State; *and su.·h gas pipeline shall not be constructed, maintained, or operated until all damages to adjacent owners are ascertained and paid as provided by law.*" (emphasis added)

Although the Oklahoma Statutes provide for intervention in a few specific areas, such as actions for the recovery of real or personal property, or by beneficiaries in an action against trustees, there is no specific statute authorizing intervention in a mandamus.

Mustang argues that since 12 O.S.1971, § 1459 provides that no other pleading besides the writ and answer are allowed in a mandamus action, intervention is not permitted. This Court has, however, approved intervention by the county in a mandamus action by the city against the

844

excise board where the county was shown to have a direct financial interest in the apportionment and constitutionality of an ad valorem tax levy. Oklahoma City v. Excise Board of Okl. Co. et al., 193 Okl. 189, 141 P.2d 805 (1943).

■ Oklahoma City v. Excise Board of Okl. Co., *supra,* is distinguishable from Commercial Nat'l Bank v. Robinson, 66 Okl. 235, 168 P. 810 (1917); and Garvin v. Harris, Okl., 509 P.2d 119 (1973) in that in Oklahoma City v. Excise Board, intervenors had a direct pecuniary interest and were necessary parties to the ultimate determination of all litigable issues in the mandamus action.

The general requirement that an intervenor have an "interest" in the action before he will be allowed to intervene in mandamus action could be interpreted so broadly as to lead to an unrestricted right of intervention, with absurd results.

On the other hand, we would not be reluctant to permit intervention in a mandamus action where to disallow it might be prejudicial to a party before it. Such is not the case here, nor was the case in either Commercial National Bank v. Robinson, *supra,* or Garvin v. Harris, *supra.*

■ Title 52, O.S.1971, §§ 10, 22, and 27 authorize pipeline companies to construct their pipelines under public roads. These statutes do not make the right contingent on the adjacent landowner's approval, nor do they give the landowner the right to have the pipeline built on his property. The sole right of adjacent landowners is for damages as provided by law. Those damages are not, however, to be collected or insured by the County Commissioners. A judgment requiring the pipeline be laid in the road may trigger a cause of action in the landowner for damages to his property, but any interest the abutting landowners have in the damages caused by the construction of the pipeline in the road is not germane to the granting or denial of the permit. Damages, in fact, could not be awarded by the County Commissioners to the landowner, nor could damages be determined in the mandamus action. The landowner has the right to assert his interest in an independent action against the pipeline company.

The petition of intervention was properly denied by the trial court.

Trial court affirmed.

DAVISON, C. J., WILLIAMS, V. C. J., and BERRY, HODGES, LAVENDER, BARNES and DOOLIN, JJ., concur.