**MUSTANG FUEL CORP., a corporation,**
Appellant,

v.

**BOARD OF COUNTY COMMISSIONERS**
of the County of McClain, et al.,
Appellees.

No. 46148.

Supreme Court of Oklahoma.

July 2, 1974.

Rehearing Denied Nov. 12, 1974.

Lee B. Thompson, Oklahoma City, for appellant.

James H. Ballard, J. Tully McCoy, Purcell, for appellees.

SIMMS, Justice:

This is an appeal from the trial court's denial of a writ of mandamus sought by Mustang Fuel Corporation (Mustang) to force the Board of Commissioners of McClain County (Board) to issue a permit to Mustang to lay its pipeline for approximately three-fourths of a mile under a little traveled, dead end, county dirt road. Mustang is an Oklahoma Corporation which has Oklahoma Gas and Electric Company as its sole customer. OG&E owns the gas and has hired Mustang to transport it through Mustang's own lines for approximately 110 miles.

Mustang's attempt to negotiate an easement over the land of one Billy Adkins was futile because Mustang felt the price demanded by Adkins was too high. Mustang proceeded to obtain permission from the Board to lay the pipeline under the road right of way. The Board refused to grant the permit.

The trial court denied Mustang's application for a writ of mandamus because Mustang was not a public utility.

The Court of Appeals reversed the trial court and ordered the writ of mandamus to issue, holding the Board's denial of the permit was arbitrary and capricious. We reverse the trial court and affirm the judgment of the Court of Appeals under different reasoning.

The principal issue before us is whether mandamus will lie to force the Board of County Commissioners to issue Mustang Fuel a permit to lay the pipeline on the county road right of way.

The Board claims Mustang has a right to condemn private property for its pipeline. It is therefore argued that since an adequate remedy is otherwise provided for plaintiff, mandamus will not lie to force the Board to allow Mustang to build the pipeline under the road. The first question we must answer then is whether Mustang has the right to eminent domain, and if so, whether that right offers Mustang a remedy that precludes the writ of mandamus.

52 O.S.1971, § 22, provides in part:

"For the purpose of acquiring necessary right-of-way, every such person is hereby granted the right of condemnation by eminent domain . . ."

The words "every such person" in the statute refers to § 21, and includes "Every corporation * * * claiming the right to carry or transport natural gas by or through pipe line or lines, for hire * * *." Likewise, 52 O.S.1971, § 27 provides in part:

"All persons, natural or artificial, except foreign corporations, shall have the right of eminent domain, and any right or privilege hereby conferred, when necessary to make effective the purposes of this act[1] and the rights thereby conferred * * *."

The footnote (1) in the statute states that "this act" includes 52 O.S. §§ 21–35.

It is clear, therefore, that a literal reading of the statutes gives Mustang a right to condemn private property for its pipeline. Mustang, however, argues that it is not constructing the pipeline for a public use or as a common carrier, but to provide gas to its sole customer, OG&E, an electric utility serving the public. Mustang thus states that it is operating for private purposes. Mustang reasons that since Art. II, § 23, Oklahoma Constitution, prohibits the condemnation of private property for such a private use, it must be implicit in 52 O.S. §§ 22, 27, that the gas pipeline company must be constructing its pipeline for use by a public utility before it will be allowed to condemn private property. The parties agree that Mustang is not a public utility, but disagree over whether the pipeline operation of Mustang is a public use.

The argument made by Mustang is strikingly similar to the argument made by the landowner who attempted to prevent the pipeline company from exercising the right of eminent domain in Ohio Oil Co. v. Fowler, 232 Miss. 694, 100 So.2d 128 (1958). The landowner argued that Ohio Oil did not have the right of eminent domain even though the legislature had attempted to give them that right by a statute similar to the statute in the case at bar.

The Mississippi Court found that even though Ohio Oil stated its pipeline was open to the public in general, Ohio Oil's sole customer at the time of the condemnation was a public utility. The court found the use was public and stated:

"If the ultimate use is public, it is immaterial that the condemnation is sought by an intermediate agency, the pipeline company, which is to sell the product to other processors, marketers, or consumers . . . A company organized to transport condensate or oil by a pipeline is organized for a public use for which private property may be condemned, provided that the facilities of the company are open to the public generally on equal terms. The use is not rendered a private one by the fact that only a few persons will be served at the time the property is sought to be taken."

Likewise, in Calor Oil and Gas Co. v. Franzell, 128 Ky. 715, 109 S.W. 328 (1908) it was held to be immaterial that the company seeking to secure the pipeline right of way had sold all of its gas to another company. It was held the use was a public one, giving the pipeline company the right of condemnation.

By giving gas pipeline companies the right to eminent domain, the legislature has recognized that the distribution of gas is affected with the public interest. The constitutional requirement that condemnation only be for public purposes is satisfied by a gas pipeline company which acts as an intermediary or carrier for a public utility. We hold that Mustang had the right to exercise eminent domain for the purpose of constructing its gas pipelines.

The next question is whether the right of eminent domain precludes the issuance of a writ of mandamus.

Title 12, O.S.1971, § 1451, provides in part:

"The writ of mandamus may be issued by the Supreme Court or the district court . . to any . . board . . to compel the performance of any act which the law specifically enjoins as a duty, resulting from an office, trust or station."

Title 12, O.S.1971, § 1452 provides that the writ of mandamus "may not be issued in any case where there is a plain and adequate remedy [at] law." Under the circumstances of the case at bar, the fact that the pipeline company has the right of eminent domain *in addition* to the right to use public roads for the construction of their pipelines does not preclude our ordering the writ of mandamus be issued by the trial court. The taking of private property by condemnation is entirely different from being granted a charter for the construction of a pipeline in a public area. The expenses and delay of a condemnation proceeding may destroy the ability of a pipeline company to effectively function in the public's interest. The granting of a charter for construction in a public area can be done without undue delay and with little expense. The legislature may have recognized these facts when it gave gas pipeline companies the right to use public areas and roads for construction. It is obvious that an action in condemnation would not afford an adequate remedy for the denial of the use of the little-travelled, dead-end dirt road, therefore, mandamus may lie.

The statutes dealing with the right of a gas pipeline company to build gas pipelines over public roads are 52 O.S.1971, §§ 4, 7, 10, 22, and 27. 52 O.S.1971, § 4 provides:

"The laying, constructing, building and maintaining a gas pipeline for the transportation or transmission of natural gas along, over, under, across or through the highways, roads, bridges, streets, or alleys in this State, or of any county, city, municipal corporation or any other pri-

vate or public premises within this State is hereby declared an additional burden upon said highway, bridge, road, street or alley, and any other private, or public premises and may only be done when the right is granted by express charter from the State; and *such gas pipeline shall not be constructed, maintained, or operated until all damages to adjacent owners are ascertained and paid as provided by law.*" (emphasis added)

Title 52, O.S.1971, § 10, provides in part: "Every gas pipeline corporation or individual in this state is hereby given authority to build, construct and maintain gas pipelines, over, under, across or through all highways, bridges, streets, or alleys in this state, or any public place therein, under the supervision of the inspector of oil and gas as to where and how in said highways, bridges, streets, alleys and public places said pipelines shall be laid, subject to the control of the local municipalities as to how the business of distribution in that municipality shall be conducted, and *subject to responsibility as otherwise provided by law* * * *." (emphasis added)

█ The Board contends that 52 O.S. 1971, § 4 applies to preclude the issuance of a charter to the pipeline company until adjacent landowners are satisfied as to damages for injury to their land because of construction in the road. Mustang argues that 52 O.S.1961, § 10 supercedes § 4 and that the requirement of settling damages with the abutting landowners before constructing the pipeline is no longer applicable. Mustang argues that even if § 4 is applicable, it is not a condition precedent to getting the permit to lay the pipeline, but merely a condition precedent to *constructing* the pipeline.

█ Title 52, O.S.1971, § 10, is the statute authorizing the use of public areas for gas pipelines. Section 4, supra, limits section 10, supra, by requiring a gas pipeline company to obtain a charter from the state before constructing a pipeline on a road and to pay damages to adjacent landowners. Mustang argues that since section 10

was passed after section 4, section 10 implicitly repeals section 4. However, section 10 is the first statute passed that gave pipeline companies the right to build under roads. Section 10 does not purport to state the entire law on the construction of gas pipelines. In fact, section 10 expressly states that other statutes are to be considered when it states "subject to responsibility as otherwise provided by law." Clearly, the obtaining of a charter from the county and paying of damages to adjacent landowners are part of the gas pipeline company's responsibility "otherwise granted by law." Therefore, we hold that section 4 must be complied with.

That is not to say that Mustang must obtain a right of way from adjacent landowner by negotiation or condemnation before it has a right to a permit. Under the circumstances of this case, Mustang has a right to a permit which has been arbitrarily denied by the Board. The evidence reveals that the pipeline will be laid to the side of the road; that the road is a little-travelled, county dirt road; that what little travel there is on the road will be obstructed for less than a week; that Mustang has agreed to repair any damage to the road, and even move the pipeline if it later obstructs maintenance of the road. In fact, there is no evidence that the public will be in any way harmed by the pipeline being placed in the road.

It is not within the province of the County Commissioners to deny the permit for the protection of adjacent landowners. The Commissioners duty is to protect the interest of the county, and in this case, the county road. However, the Board of County Commissioners may place such reasonable restrictions in the permit as are necessary for the protection of the public safety and welfare. Whatever damages may accrue to adjacent landowners cannot be collected by the County Commissioners, nor may the Commissioners use their office to extract payments for private landowners.

The landowners are responsible for their own interests. If they are not satisfied with prospective damages to their land by

the pipeline companies, they have a right to seek their own redress, even to the point of preventing actual construction until reasonable damages have been paid. 52 O.S. 1971, § 4 so provides.

Adjacent landowner Billy P. Adkins, et ux., have formally requested this Court to consider the briefs filed in companion case number 46,185, Adkins et ux., Appellants v. Mustang Fuel Corp., 527 P.2d 842, in which case the opinion of the Court is being promulgated contemporaneous with this opinion. The briefs in both cases have been considered in reaching the conclusions herein expressed.

Certiorari Granted. Trial Court Reversed. Court of Appeals Affirmed. Trial Court ordered to issue the Writ of Mandamus.

DAVISON, C. J., WILLIAMS, V. C. J., and BERRY, HODGES, LAVENDER, BARNES and DOOLIN, JJ., concur.