**OKLAHOMA NATURAL GAS CO. v. CORPORATION COMMISSION et al.**

No. 13373—Opinion Filed Dec. 19, 1922.

(Syllabus.)

1. **Public Utilities—Scope of Obligation to Serve Public.**

A person enters the public business by professing or undertaking to serve the public; but his obligation to the public is limited by the extent of his profession.

2. **Gas—Public Utility—Service to All Inhabitants—Power of Corporation Commission.**

Where a public utility has undertaken and professes to serve the inhabitants of certain cities and towns within the state with natural gas, the Corporation Commission has power, within constitutional and reasonable limitations, to compel such utility to serve all inhabitants thereof who may apply for such service.

3. **Same—Power to Compel Service for New Community.**

The Corporation Commission is without power or authority to compel a public utility to furnish natural gas to a city, town, or community which it has not undertaken or professed to serve, and which it is under no obligation to serve, since to require the utility to serve such city, town, or community would be tantamount to the taking of private property for public use without just compensation.

Appeal from the Corporation Commission.

Appeal by the Oklahoma Natural Gas Company from an order of the Corporation Commission directing the appellant to furnish

natural gas to the Chickasha Gas & Electric Company for distribution in the city of Chickasha. Order reversed.

Ames, Chambers, Lowe & Richardson, for appellant.

Bond, Melton & Melton. and Cottingham, Hayes, Green & McInnis, for appellee.

NICHOLSON, J. The Chickasha Gas & Electric Company instituted this proceeding by filing with the Corporation Commission its petition praying an order of such commission requiring the Oklahoma Natural Gas Company to furnish and supply the Chickasha Gas & Electric Company natural gas for distribution by it in the city of Chickasha. After a hearing, the commission made and entered the order as prayed for, and from this order the Oklahoma Natural Gas Company has appealed.

The appellant, Oklahoma Natural Gas Company, is a public service corporation engaged in the business of furnishing natural gas to between 35 and 40 cities and towns in the state of Oklahoma. It owns the franchises in about thirty of these cities and towns, and in others, including Oklahoma City, El Reno, and Muskogee, it furnishes gas for distribution by other companies; it owns and maintains a gas pipe line extending from the Duncan gas field north, through which it conveys gas to supply the towns and cities served by it. This pipe line is located near the city of Chickasha, and at a point in said line approximately four and one-half miles from the city limits of said city there is a "T", which may be used for connecting the line with a line into the city.

The Chickasha Gas & Electric Company is a public utility engaged in the business of manufacturing and distributing artificial gas in the city of Chickasha. In the month of October, 1921, it was by said city granted a franchise, authorizing it to use its gas line system for the purpose of distributing natural gas to the inhabitants of said city. Thereupon it constructed a gas pipe line from the city of Chickasha to a point near said "T", in the pipe line of appellant, but this was done without any agreement upon the part of appellant to furnish gas. In fact, appellant had, prior thereto, refused to furnish gas to appellant, and has at all times maintained that it could not and would not furnish appellee with gas from its said pipe line. Upon the completion of said pipe line by appellee, it instituted this proceeding which resulted in the order complained of, and of which the appellant seeks a reversal upon two grounds, the first of which is that the Corporation Commission was without power,

authority, and jurisdiction to make said order requiring appellant to furnish natural gas to a public utility, and to a community which it had never theretofore served, and which it had never assumed. undertaken, or professed to serve. and which it was unwilling to undertake to serve.

By the provisions of chapter 93, Sess. Laws 1913, the jurisdiction of the Corporation Commission was extended so as to confer upon it general supervision over all public utilities, and the appellant comes within the term "public utility," as defined by said act. Indeed, appellant does not contend otherwise. But because appellant is a public utility over which the commission has jurisdiction, does it necessarily follow that the commission had the power to make the order complained of.

The appellant has never professed or undertaken to furnish gas to cities and towns or communities indiscriminately. It serves approximately 40 cities and towns in the state, all of which it has served for years, and to these it owes the public duty of continuing the service. It was for the sole purpose of obtaining gas with which to supply those it had undertaken to serve that it constructed its pipe line to the Duncan field. The appellant has never supplied the Chickasha Gas & Electric Company with gas and has never undertaken or agreed to do so; it has not a franchise in the city of Chickasha, and has never professed to serve the inhabitants thereof. To the contrary, it has steadfastly refused to furnish gas to appellee, Chickasha Gas & Electric Company, and has consistently refused to extend its profession or undertaking so as to embrace additional cities, towns, or communities which it had not theretofore undertaken to serve.

The authorities are harmonious in holding that one enters the public business by professing or undertaking to serve the public; and that his public obligation is limited by the extent of his profession. Thus, in Wyman on Public Service Corporations, vol. 1, sec. 250, it is said:

"Public profession not only establishes public obligation, but it largely determines the extent of the public duty. Just as people cannot be forced to serve unless they have made public profession, so they cannot be forced to serve beyond what their profession covers."

So the primary question is what the profession of the appellant necessarily covers; and this is a question of fact, rather than of law.

The appellant has undertaken to serve the inhabitants of certain cities, towns, and com-

munities within the state, and to them it owes the duty of furnishing adequate service, and may be required, within reasonable limitations, to serve all inhabitants thereof who may apply. Oklahoma Gas & Electric Co. v. State, No. 12516, decided Oct. 3, 1922. 87 Okla. 174, 209 Pac. 777; New York & Queens Gas Co. v. McCall, 245 U. S. 345, 62 L. Ed. 237; Lukrawka v. Spring Valley Water Co. (Cal.) 146 Pac. 640; Public Service Corporation et al. v. American Lighting Co. (N. J.) 57 Atl. 482, Zeilda Forsee Inv. Co. v. St. Joseph Gas Co. (Mo.) 195 S. W. 52; Minneapolis General Electric Co. v. City of Minneapolis, 194 Fed. 215; Wyman on Public Service Corporations, sec. 797.

But the appellant has not undertaken or professed to serve the city of Chickasha, neither does it profess to serve the state at large. The fact that it is a public utility does not necessarily cast upon it the duty of serving the public at large. This duty is not to all men, but to a certain public limited by its profession (Wyman on Public Service Corp. sec. 344); and while the Corporation Commission may, within constitutional and reasonable limitations, compel appellant to extend its service within the boundaries of those cities it is now serving, or those it may undertake to serve, it is without power or authority to compel appellant to serve a city not included within its profession of service. To compel the appellant to extend its service to a city, town, or community it has not undertaken or professed to serve, and which it does not desire to serve, is tantamount to an appropriation of private property for public use without just compensation. Atchison, T. & S. F. Ry. Co. v. Railway Commission of State of California (Cal.) 160 Pac. 828; State ex rel. Ozark Power & Water Co. v. Public Service Commission of Missouri (Mo.) 229 S. W. 782. While the appellant is employing its resources and property in a public service, it must be remembered that these still remain its private property, and that the public cannot assume the role of general manager, and require such property to be used in a service to which the owner has not voluntarily dedicated it. Interstate Commerce Commission v. Chicago Great Western Railway Co., 209 U. S. 108, 52 L. Ed. 705.

To hold that the Corporation Commission had the authority to compel the appellant to extend its service to include communities it has never professed to serve, and does not desire to serve, is, in effect, to say that the business policy of appellant, in this regard, may be wrested from the board of directors and lodged with the commission. Obviously, this was never contemplated. The stockholders and directors of appellant had the right to determine for themselves whether they would obtain gas from and build their pipe line to the Duncan field, and the conditions upon which they would do so, and appellant having obtained said gas and built said line solely for the purpose of adequately supplying that portion of the public it was bound to supply, it should not be required to divert its gas supply from that purpose.

We conclude that the Corporation Commission was without power to make the order complained of, and having reached this conclusion, it becomes unnecessary to consider the other assignment of error made.

While we are convinced that the appellant is under no legal obligation to furnish gas to the appellee, the Chickasha Gas & Electric Company, yet, in view of the fact that the Chickasha Gas & Electric Company has invested $40,000 in the line from Chickasha to appellant's line, and that the investment will be lost if gas is not obtained, and in view of the other facts disclosed by the record, we feel that the appellant should furnish gas for distribution in the city of Chickasha if it is possible for it to do so, without depriving the other communities depending upon it of an adequate supply.

The order of the Corporation Commission is reversed.

HARRISON, C. J., and MILLER, KENNAMER, and COCHRAN, JJ., concur; KANE, J., concurs in the conclusion.