**SOUTHERN OKLAHOMA POWER CO. v. CORPORATION COMMISSION et al.**

No. 14182—Opinion Filed Nov. 6, 1923.

(Syllabus.)

1. **Electricity—Producing Plant as Public Utility.**

A corporation, owning and operating an electrical plant in the state of Oklahoma and which is engaged in the business of generating electrical energy, the entire out-

put of the plant being sold at the switchboard of its plant to a distribution company under a 20-year contract, to be distributed by the distributing company to the public for the production of light, heat, or power, is a public utility under the provisions of section 3462, Comp. Stat. 1921, and subject to regulation and control by the Corporation Commission.

**2. Corporations—Public Service — Regulation by Corporation. Commission.**

While a corporation should not be required to render a service outside and beyond its profession of service, where the service which the corporation renders is such as to render the corporation a public utility under the statutes of the state, it is subject to regulation by the Corporation Commission..

**3. Electricity — Generating Company as Public Utility—Orders of Corporation Commission—Due Process of Law.**

Where the corporation entered into the contract with the distributing company and undertook to sell it electrical energy to be furnished to the public for the purpose of producing light, heat, and power by electricity after the passage of section 1, ch. 95, Laws 1913, which rendered corporation performing such service public utilities, it cannot complain that an order of the Corporation Commission regulating said corporation as a public utility is a conversion of private property without due process of law.

Appeal from Corporation Commission. by the Southern Oklahoma Power Company. Affirmed.

Lydick & Wilson, for plaintiff in error.

E. S. Ratliff, for defendants in error.

COCHRAN, J. This is an appeal from an order of the Corporation Commission entered on the 21st day of December, 1922, adjudging that the Southern Oklahoma Power Company, was a public utility under chapter 93, Session Laws 1913, and ordering such corporation to file with the Corporation Commission all reports required of public utilities by law or by orders 201 and 774 of the Corporation Commission. The Southern Oklahoma Power Company is a corporation organized and existing under the laws of the state of Oklahoma with its principal place of business at Ada, Okla. It owns and operates an electrical plant located at Byng, Okla., and is engaged in generating electric current, the entire output of the plant being sold at the switchboard of the Southern Oklahoma Power Company to the Oklahoma Light & Power Company, under the terms of a 20-year contract. The Oklahoma Light & Power Company is an Oklahoma corporation engaged in the business of transmitting and distributing electric energy and current to various towns and cities served by it in the state of Oklahoma.

The question for determination is whether a plant engaged in the manufacture of electric energy which it furnishes, under contract at the switchboard in its plant to a public utility which is engaged in the business of transmitting and distributing current to various cities of the state is a public utility, and, as such, subject to control by the Corporation Commission of this state.

Section 19, art. 9, of the Constitution of Oklahoma provides: ,

"The commission may be vested with such additional powers and charged with such other duties (not inconsistent with this Constitution) as may be prescribed by law, in connection with the visitation, regulation, or control of corporations, or with the prescribing and enforcing of rates and charges to be observed in the conduct of any business where the state has the right to prescribe the rates and charges in connection therewith. * * *"

Section 3462, Comp. Stat. 1921, provides:

"The term 'public utility', as used in this act, shall be taken to mean and include every corporation, association, company, individuals, their trustees, lessees, or receivers, successors or assigns, except cities, towns, or other bodies politic, that now or hereafter may own, operate, or manage any plant or equipment, or any part thereof, directly or indirectly, for public use, or may supply any commodity to be furnished to the public. * * * (c) For the production, transmission, delivery, or furnishing electric current for light, heat, or power."

The plaintiff in error contends that the Southern Oklahoma Power Company does not hold itself out to the public as furnishing power or electricity; that it simply furnishes electricity to one public utility under private contract; that this is simply a case of a private corporation furnishing a public utility with a commodity which the latter in turn distributes for public use; and that the element is lacking which would determine that it is a public utility, viz., the impression of its service with a public use.

It is our opinion that the statutory definition of a public utility is sufficiently broad to include a plant operated as the plant of the plaintiff in error, where it generates electricity and furnishes same under a contract to a public utility for distribution to the public. This corporation operates a plant which furnishes and sup-

plies a commodity (electric energy) to be furnished to the public for the production of electric current for light, heat, and power. The statute does not require that the corporation furnish the commodity to the public, but if it furnishes a commodity for the purpose of that commodity being delivered to the public for the production of light, heat, or power, it comes within the statutory definition. It is our opinion that the statute impresses the services rendered by this corporation with a public use.

Plaintiff in error contends, further, that the corporation is not a public utility because it does not profess to serve the public and because its charter provisions do not permit the exercise of the functions of a public utility. In this connection it is contended by the plaintiff in error that in Oklahoma Natural Gas Company v. Corporation Commission, 88 Okla. 51, 211 Pac. 401, this court held that a corporation should not be required to render a service outside and beyond its profession of service, and under this announcement the plaintiff in error should not be held to be a public utility because it does not profess to be such. The rule announced in the above case has no application to the case at bar, as that case applied to an order requiring the Oklahoma Natural Gas Company to give service which it had not been giving and which it did not profess to give; whereas, in the instant case, we have an attempt to regulate a service which is already being rendered. In the instant case the Corporation Commission says:

"The service in which you are engaged and in which you profess to be, constitutes you a public utility and subject to the statutory regulations as such."

No effort is made to require the corporation to do something which it has not professed, but only to regulate the corporation in connection with the service which it professes and actually renders. The plaintiff in error contends that the Corporation Commission is attempting to extend its regulatory jurisdiction over a company which has never made any dedication of its property to a public use or made any profession of service to the public. Such is not the case. The statute has prescribed that the very service performed by this corporation is a public service, and when the corporation undertakes to and does perform that service which the statute has defined to be a public service, such action constitutes a dedication of property to the public use.

It is next contended that the charter of the company provides that it is incorporated for the purpose of building, owning, and operating a plant in Pontotoc county to be used for the purpose of manufacturing and selling at the switchboard of the corporation at its power plant electric energy, and it can only exercise the rights and powers conferred by its charter, and, since its charter does not authorize it to assume to serve the public generally, service to the public would be ultra vires. It is sufficient to say that the charter provision is adequate to authorize the corporation to do just what it is doing, to wit, supply and sell to the Oklahoma Light & Power Company electric energy at the switchboard of the corporation to be distributed by the Oklahoma Light & Power Company to the public, and that such acts which are authorized to be performed by it under its charter are such acts as constitute the corporation a public utility under the statute.

The various authorities cited by plaintiff in error on the question as to what constitutes profession of service sufficient to render a corporation a public utility are of no value here, as none of them construe a statutory provision similar to ours. In North Carolina Public Service Company v. Southern Power Company, 282 Fed. 837, the circuit court of the Fourth circuit had under consideration a statute of North Carolina which provided:

"The Corporation Commission shall make reasonable and just rules and regulations— 1. To prevent discriminations in the transportation of freight or passengers, or in furnishing electricity, electric light, current, power or gas"

—and, in holding that this statute was sufficient to authorize the Corporation Commission to regulate the furnishing of current by a private corporation to independent vendors, said:

"Surely the court has no power to say that the Legislature meant to provide a limitation which it refrained from expressing, namely, that furnishing current or power to independent vendors was not furnishing current or power within the unlimited terms of the statute."

And in the instant case we are of the opinion that the Legislature intended, and in plain terms provided, for the control of the Corporation Commission of all plants producing electricity to be furnished to the public for the production of light, heat, or power.

In State ex rel. Public Service Commission of Washington, v. Spokane (Wash.)

154 Pac. 1110, the court said:

"The regulation and control of business of a private nature is sustained by reference to the police power, and even then it is sustained only when the courts have been fully able to say that a business is, in character and extent of operation, such that it touches the whole people and affects their general welfare. It is upon this principle that Noble State Bank v. Haskell, 219 U. S. 104. * * * and German Alliance Ins. Co. v. Lewis, 233 U. S. 389 * * * rest. Until the Legislature brings a business with the police power by clear intent, courts will not do so. Courts have assumed to say whether an act of the Legislature falls within the police power, but primarily the assertion of police power is for the Legislature."

In the instant case, it is our opinion that the Legislature has asserted its police power and the business of the plaintiff in error is clearly within the terms of the statute.

It is further contended by the plaintiff in error that the construction which we have given to section 1, chap. 93, Session Laws 1913, renders the law unconstitutional, in that the order of the commission requires an extension of the business of the company beyond its profession of service and is an attempt to convert a private corporation into a public utility, and thus deprive the plaintiff in error of its property without due process of law in contravention of sections 7 and 24, art. 2, of the Constitution of Oklahoma and in contravention of the 14th amendment of the Constitution of the United States. We have heretofore concluded that the order of the Corporation Commission did not require an extension of the business of the company beyond its profession of service, and the contention that the order of the commission has the effect of converting a private corporation into a public utility and thus depriving the corporation of its property without due process of law is not well founded, because the statute defining a public utility, and which we have held constitutes the plaintiff in error a public utility while furnishing electric energy in the manner hereinbefore described, was the law of this state before the corporation entered into its contract with the Oklahoma Light & Power Company and undertook to sell electric energy which was to be furnished to the public for the purpose of producing light, heat, and power by electricity. The company, therefore, entered into this contract and undertook this service with full knowledge of the existing law which rendered a corporation performing such service a public utility. Under these circumstances the cor-

poration will not be heard to complain that this order of the Corporation Commission, which was plainly within the scope of the statutes in effect when the corporation entered into its contract for furnishing electric energy to the Oklahoma Light & Power Company was a conversion of its private property to public use without due process of law, as it voluntarily undertook the performance of a service which under the existing statute rendered it a public utility. Pierce Oil Corporation v. Phoenix Refining Co., 66 L. Ed. 855, P. U. R. 1922 E, p. 236; United States v. Ohio Oil Co., 234 U. S. 548.

In view of our holding on the above questions, it is unnecessary to determine the questions raised in the fifth and sixth assignments of error. It is our opinion that the order of the Corporation Commission should be, and the same is hereby, affirmed.

McNEILL, V. C. J., and KENNAMER, BRANSON, and MASON, JJ., concur.

NICHOLSON, J., dissents.