The two above styled and numbered cases are appeals from an order of the Corporation Commission requiring the Oklahoma Natural Gas Company, plaintiff in error, to make connections and render service from its pipe line in territory near the limits of Oklahoma City, but outside of the corporate limits of said city.
In case No. 15802, the complainants owned property abutting the highway on the west side of such highway, and a two-inch pipe line of the respondent is constructed along the east side of such highway. The property of the complainant in case No. 16143 is not adjacent to the highway along which the respondent's pipe line is constructed, but is some 1,500 or 1,600 feet from the pipe line. There is no material dispute as to the facts, and the questions presented for determination by this court are the same in both cases, and the parties interested have agreed that the cases might be consolidated and the order of consolidation was, by order of this court, entered on February 24, 1925.
The assignments of error are the same in each case, which are to the effect: First, that the order of the commission is not supported by the evidence, and is therefore contrary to law; and, second, that under the facts and circumstances existing, the order is violative of section 7, art. 2, of the Constitution of the state of Oklahoma, and of the Fourteenth Amendment to the Constitution of the United States, in that it deprives the company of its property without due process of law.
The essential facts may be briefly stated: In case No. 15802, each of the complainants testified in substance that they owned property outside of the city limits of Oklahoma City; that they had made application to the Oklahoma Natural Gas Company for service, and that each of them had been refused service; that a pipe line of the Oklahoma Natural Gas Company ran along the highway on which their property abuts, but this line is east of the center of said highway and the property of each complainant is on the west side of said road; that the complainants did not own property crossed by the pipe line of the Oklahoma Natural Gas Company, and that neither of them was a patron of the Oklahoma Gas Electric Company at the time the Oklahoma Natural Gas Company took over the line referred to.
The testimony further shows that some years ago the Oklahoma Gas Electric Company, which now distributes gas in Oklahoma City, furnished gas to a few persons living along the road in front of the property now belonging to the complainants in case No. 15802, and that at the time the arrangement was made under which the Oklahoma Natural Gas Company agreed to deliver gas to the Oklahoma Gas Electric Company at the city gate in 1921, the latter company discontinued its service to these parties.
It further appears that the Oklahoma Gas Electric Company was not furnishing gas to these patrons under any franchise, and for that reason was not compelled to furnish gas for any definite period of time, and that it was authorized to discontinue the service. It was, however, agreed between the Oklahoma Gas Electric Company and the Oklahoma Natural Gas Company and the Corporation Commission, that the property which was then being served by the Oklahoma Gas Electric Company would be served in the future by the Oklahoma Natural Gas Company, but it was also agreed between the Oklahoma Natural Gas Company and the Corporation Commission that this agreement to serve these people living in the locality involved by the Oklahoma Natural Gas Company would not be considered as establishing an undertaking on the part of the Oklahoma Natural Gas Company to serve other people of that community.
The testimony also shows that the Oklahoma Natural Gas Company has never undertaken to serve any other people of that community and that it is not in the business of furnishing gas to domestic consumers outside of the limits of cities and towns.
It further appears that the complainants in both cases were not among the few people *Page 10 
referred to, to whom gas had been furnished by the Oklahoma Gas Electric Company.
It must be conceded that if, in the instant case, the Oklahoma Natural Gas Company has undertaken to furnish gas to persons in the situation and circumstances of the complainants herein, the Corporation Commission has, without question, authority to regulate such service and to fix rates and to require service to be rendered, when the same is within the scope of the obligation of the corporation.
It is the contention of counsel for the commission, that in each of the instant cases the Oklahoma Natural Gas Company has undertaken to render service to a number of persons of this particular community, and that the complainants were similarly situated to those who are now being served by the company, and therefore the Corporation Commission has authority to require the gas company to furnish gas to these complainants.
The testimony shows, without dispute, that certain consumers are served from the pipe line in question, but that these consumers consist, first, of persons whose property was formerly served by the Oklahoma Gas Electric Company and who continued to be served under an agreement between the two companies and the Corporation Commission; and, second, those whose property abuts the side of the highway upon which the company's pipe line is laid.
In case No. 15802, the commission found that:
"The testimony in this case does not show that Oklahoma Natural Gas Company has connected its lines to any consumers, other than those received from the Oklahoma Gas Electric Company, whose property is located on the opposite side of the road from that which the company's pipe line occupies. The respondent admits, however, that they are under obligations to render gas service to any party along their transmission lines who owns or occupies property adjacent to and abutting on the side of the road or highway upon which the line of the respondent is laid."
The testimony further shows, without conflict, that neither of the complainants in either of the cases belong to either of the classes referred to, and that the property of complainants has never been served by the Oklahoma Gas Electric Company.
In case No. 15802, the property of complainants abuts the highway on the west, but the pipe line of the Oklahoma Natural Gas Company runs along the east side of the road or highway. In case No. 16143, the property of complainant does not abut the highway at all, and is approximately 1,500 feet from the highway.
Section 7904, C. S. 1921, grants to every domestic pipe line corporation in the state of Oklahoma authority to build, construct, and maintain gas pipe lines over, under, across, or through all highways, bridges, streets or alleys in this state, or any public place therein, under the supervision of the inspector of oil and gas as to where and how in said highways, bridges, streets, alleys, and public places the pipe line should be laid, and subject to the control of local municipalities as to how the business of distributing gas in that municipality shall be conducted, subject to other legal responsibilities.
This section of the statute contains the following proviso:
"Provided, however, that whenever any gas pipe line crosses the land or premises of anyone outside of a municipality, said corporation shall, upon request of the owner of said premises, connect said premises with a pipe line and furnish gas to said consumer at the same rate as charged in the nearest city or town."
The proposition of counsel for the Oklahoma Natural Gas Company is that the proviso of the above statute requires it to render service upon the request of the owner of land, where such land abuts the said highway along which the line runs, upon the theory that the highway belongs to the owner of the abutting property to the center of the highway, subject to the easement of the public for highway purposes; that if the pipe line is constructed on the east side of the center of the highway, it crosses property belonging to the landowner whose property abuts the highway on that side, but does not cross the property of a landowner whose property abuts the west side of the highway, and it is concluded that if the company is required to furnish such abutting property of the owner gas, upon request, because his property is crossed by the pipe line running along the side of the road next to his property, such persons are not similarly situated to persons owning property on the other side of the road or persons living in that community but who do not own property abutting the highway.
As we understand the contention of counsel for the commission, it is that the abutting property owner has no title to the highway, and that he is in no better position than any other citizen of that community to request and obtain gas service, and *Page 11 
various statutes are cited which confer authority upon domestic gas companies to construct pipe lines under and along the highways of the state, under the supervision of the Corporation Commission, and it is argued that by reason of these various provisions of the statute, it is not necessary for the gas company to enter into contractual relationship with owners of abutting property along the public highway before it can construct its lines along such highway.
In view of the statutes and decisions cited by counsel for the commission, it must be conceded that the Oklahoma Natural Gas Company has the right to construct its pipe lines along the highways of this state under the supervision of the Corporation Commission, and without contracting with the abutting property owners for the right to lay its pipe line under and along such highways.
The fact, however, that the state has an easement in the highway and has absolute control of it for traveling, transportation, and communication purposes, and has authorized the construction of pipe lines along such highway, does not determine the ownership of the highway, as this authority is consistent with the ownership of an easement in such highway by the state. So far as the question of ownership of the highway is concerned, we think that question is definitely settled by the statute and decisions of this court.
Section 8444, C. S. 1921, provides:
"An owner of land bounded by a road or street is presumed to own to the center of the way, but the contrary may be shown."
In the case of Kansas Natural Gas Co. v. Haskell, 172 Fed. 545, the court said:
"The fee to the land comprising rural highways in the portion of Oklahoma which was formerly Indian Territory is not vested in the state, but in the abutting landowners, subject only to an easement in the public to use the same for highway purposes."
Mean v. Callison, 28 Okla. 737, 116 P. 195, is a case involving ownership of a highway in that part of the state of Oklahoma which was formerly Oklahoma Territory, in which case the court said:
"The rule of common law is that a person holding lands bounded on a highway is held to own to the center thereof, subject to the easement of the right of way. There is nothing in the statute changing this rule in Oklahoma Territory."
It is true, as stated by counsel for the commission, that these two cases were decided long prior to the passage of any of our statutes with respect to pipe line companies, but no statute is pointed out which changes the rules of the common law. The sections of the statute cited, Nos. 7895, 7900, 7904, 7906 and 7911, C. S. 1921, do not change or attempt to change the rule announced in the cases referred to.
In the case of Britton v. Morris, 59 Okla. 162, 158 P. 358, decided in 1916, the court said:
"Having reached the conclusion that the board of county commissioners of Washita county had authority to vacate the old road in question, and that the order of the board of county commissioners establishing the new road had the effect of vacating the old, it follows that the title to the old roadbed, under the law, reverted to the landowners adjacent thereto; and, under the decision above quoted, the county can never again acquire title to the old road except by condemnation proceedings, and compensating the owner who gave other lands in exchange for it."
This case deals with the question of vacation of roads and highways, but if the state of Oklahoma owned the highway, the title to this property would not revert to the adjacent landowners when it is vacated, but the state would still remain the owner of said land until it conveyed the property to someone else.
"A highway is nothing but an easement, and the public acquires merely a right of way, with the powers and rights incident thereto, and the owner of the land is not divested of his title to the soil." Bolender v. Sol. Mich. Tel. Co. (Mich.) 148 N.W. 697.
So far as we have been able to discover, the cases which have been decided by this court with respect to this question follow the general rule adopted by practically all the courts, where the statute under which highways are acquired does not provide that the fee shall be acquired by the state.
We conclude that the complainants in these two cases do not own property abutting the side of the highway along which appellant's pipe line runs, and therefore are not entitled to this service because the company is fulfilling its statutory obligations to persons who do own property so situated.
Counsel for the commission contends that the evidence shows that the Oklahoma Natural Gas Company has undertaken to serve certain patrons in this particular locality other than those who own property crossed by the pipe line, and the conclusion is drawn that such service to these persons is sufficient *Page 12 
to entitle the complainants to the service applied for.
As heretofore pointed out, the only persons who are receiving gas service in the locality in question are certain persons whose property was formerly served by the Oklahoma Gas 
Electric Company. The facts in connection with the service to these former patrons of the Oklahoma Gas Electric Company clearly show that the Oklahoma Natural Gas Company did not undertake or desire to serve the people of that community in general, and that it specifically limited its undertaking in that particular by the agreement entered into between the two companies and the Corporation Commission heretofore referred to.
In Oklahoma Natural Gas Co. v. Corporation Commission,88 Okla. 51, 211 P. 402, the court there held that this company's public obligation is limited by the extent of its profession, and that the company cannot be compelled to serve beyond what its profession covers. It is said in the body of the opinion of that case:
"The fact that it is a public utility does not necessarily cast upon it the duty of serving the public at large. This duty is not to all men, but to a certain public limited by its profession. Wyman on Public Service Corporations, sec. 344; and, while the Corporation Commission may within constitutional and reasonable limitations compel appellant to extend its service within the boundaries of those cities it is now serving, or those it may undertake to serve, it is without power or authority to compel appellant to serve a city not included within its profession of service. To compel the appellant to extend its service to a city, town, or community it has not undertaken or professed to serve, and which it does not desire to serve, is tantamount to an appropriation of private property for public use without just compensation." Citing a number of authorities.
The testimony in the instant case conclusively shows that the appellant company has never undertaken to furnish gas generally, but has limited its profession of service to those individuals whom it is required to serve by reason of express provisions of the statute, and other parties whom it is obligated to serve by reason of its agreement with the Oklahoma Gas Electric Company and the Corporation Commission.
An examination of the Chickasha Case, supra, discloses that the opinion is based upon the legal principle that the company had not obligated itself to furnish the city of Chickasha with gas.
The controlling element in the instant cases is, that the company has not undertaken to serve these complainants, and has not obligated itself to serve them.
The case of Oklahoma Gas Electric Co. v. State,87 Okla. 174, 209 P. 777, is cited by counsel for the commission. The case, we think, is not in point for the reason that the court was there dealing with the obligation of the gas company to furnish extension of service in a municipality which it served under a franchise. It is well settled that where the gas company has a franchise to furnish gas to the people of a municipality, and by virtue of the franchise uses the streets of the city, it is obligated to furnish gas to all of the inhabitants of such city and can be required to make reasonable extensions of service by the Corporation Commission. A very different question arises where it is sought to compel the gas company to render service beyond the limits of a municipality. The property belonging to the complainants is not within the limits of any city or town served by the Oklahoma Natural Gas Company under a franchise, and its duty to furnish gas to these complainants cannot be determined under the cases referred to in the brief of counsel for the commission, which cases for the most part deal with franchise obligations.
We conclude that the orders made by the Corporation Commission requiring appellant to furnish gas to the complainants in these two cases should be reversed, and the causes remanded with directions to dismiss the complaints.
By the Court: It is so ordered.