ANCHOR STONE AND MATERIALS COMPANY, an Oklahoma Corporation, Plaintiff in Error,

v.

M. O. CARLIN, Defendant in Error.

No. 41626.

Supreme Court of Oklahoma.

Dec. 19, 1967.

Rehearing Denied Feb. 6, 1968.

Swindell & Follens, Tulsa, for plaintiff in error.

Schuman, Pray, & Doyle, by Donald E. Pray, Tulsa, for defendant in error.

WILLIAMS, Justice.

This is an appeal from a judgment of the lower court quieting plaintiff's title to certain described property and ordering defendant to remove a four-inch natural gas distribution pipeline from such property. The parties herein will be referred to as they appeared below, i. e., defendant in error will be referred to as plaintiff and plaintiff in error will be referred to as defendant.

The principal question presented herein is whether an oral license granted by plaintiff's predecessor in title and which gave defendant permission to lay a pipeline across the property is revocable.

The property involved herein is a tract of approximately 75 acres located in the north half of Section 18, Township 20 North, Range 14 East, Tulsa County, Oklahoma, which is near to the city limits of the City of Tulsa and to industrial development on the north and east side of such City. Some time in May, 1949, a Mr. R. J. Pleasant, president of corporate defendant, contacted Mr. W. S. Copeland, plaintiff's predecessor in title, and requested permission to lay a four-inch pipeline across a portion of this tract.

At trial, Copeland testified that at the time Pleasant requested such permission, he (Copeland) asked whether corporate defendant wished to purchase or lease the necessary right of way as he might some day sell the property. In answer to this question, he was informed that the other landowners had allowed the line to be laid without consideration, Copeland granted the request on this basis. From his

testimony, it appears that at the time he granted his permission, Copeland was under the impression the pipeline would be laid along the boundary lines of his property.

Copeland further testified that when corporate defendant's contractor began laying the pipeline, it was laid diagonally across a portion of his property and was not buried; that he contacted Pleasant to object to the pipeline being laid in this manner, and was assured the pipeline would be buried below plow depth; that at this latter time, Pleasant agreed to allow him to connect into the pipeline although the latter stated that he would not sell Copeland gas; and, that he (Copeland) informed Pleasant that if the property were ever developed, that the "line would have to be moved or something done about it, the way it is running there on the ground, you are putting that through angling, here in my best property and that line will have to be moved." During direct examination Copeland was asked whether Pleasant ever stated that the pipeline would remain on the property as long as the defendant's rock quarry was in existence. To this question, Copeland answered:

"The best I remember, now I have a nephew who works at the gas company and the best I remember, we agreed some day the gas company might buy the line if they built out there and of course, if they bought the line, that would change everything entirely."

Copeland also testified that, in accordance with his agreement with Pleasant, he had connected to defendant's pipeline, installed a meter, but had never been requested by defendant to pay for the gas used.

Pleasant testified that at the time of the discussion with Copeland concerning permission to lay the pipeline across the tract herein, Copeland indicated he was interested in obtaining a dependable source of gas; that the pipeline was laid across the tract diagonally so as to be in close proximity to Copeland's residence; that he told Copeland that the pipeline was to be in existence "as long as we needed it for operation of the crusher"; and, that he did not recall Copeland ever stating that the line would have to be removed if the property were sold. On cross-examination, Pleasant stated that he was aware of the provisions of 52 O.S.1961, § 10 requiring any corporation laying a pipeline across land outside a municipality to furnish gas to such landowner at the rate charged in the nearest city or town, and admitted that in the instant case the Oklahoma Corporation Commission had been informed such statute would be complied with by defendant.

The property herein was conveyed to plaintiff on June 11, 1964. At the time of this conveyance, a tenant was living in the residence on the property and was using gas from defendant's pipeline, but within six or seven weeks thereafter, the service line was disconnected from such pipeline. On July 14, 1964, plaintiff made written demand that defendant remove its pipeline.

At trial, plaintiff admitted that at the time of his purchase of the property, he was informed of the existence of the pipeline.

In its judgment quieting plaintiff's title and ordering defendant to remove its pipeline, the trial court found that the oral permission given to lay the pipeline was a mere license and not an easement and that such license was revoked by the conveyance to plaintiff as well as by written notice to defendant. From this judgment and an order overruling its motion for new trial, defendant appeals.

In its brief, defendant admits that an oral license ordinarily can be revoked at the pleasure of the licensor, but argues that there are two exceptions to this rule which are applicable to the situation herein.

The first of these exceptions set forth by defendant is that a license coupled with an interest is not revocable. This exception has been recognized by this Court. See Durell v. Freese, 151 Okl. 150, 3 P.2d 175.

However, this exception is applicable only where the licensee has an interest in the property (e. g., an interest in growing crops, timber, or minerals on the property) and the continuation of the license is necessary for him to make use of such interest. See Tiffany, Real Property, Vol. 3 § 835 (3rd Ed.); American Law of Property, Vol. 2, § 8.114. In the instant case, defendant has not shown he has any such interest in plaintiff's property and, in our opinion, this exception is not applicable herein.

The second exception set forth by defendant is that where the licensee has incurred expenses in making valuable improvements to the property, the license is irrevocable.

In support of this exception, defendant cites Murduck v. City of Blackwell, 198 Okl. 171, 176 P.2d 1002, wherein this Court quoted with approval the following language from Shaw v. Proffitt, 57 Or. 192, 110 P. 1092:

"'An express oral license, becoming irrevocable by execution, *by expenditures in permanent improvements in reliance thereon, inuring to the benefit of the licensor,* if relating to the use or occupation of real estate, becomes an easement.'

"And: 'The licensor's attempted revocation of the express license, which has been executed by expenditures *in permanent improvements* by the licensee to the knowledge of the licensor, is a fraud, against which equity will relieve by estoppel.'" (Emphasis added).

Defendant contends that as it has incurred expenses in the laying of the pipeline, resulting in the improvement of the property, this exception is applicable herein. We can not agree.

■ It is our opinion that the improvement made is not such as to bring the situation herein within the above quoted language of Murduck v. City of Blackwell, supra. In our view, the quoted language contemplates a permanent improvement, inuring to the benefit of the landowner, and which will continue to exist and benefit such landowner after the termination of the license. In the instant case it is this very "improvement" which plaintiff seeks to have removed from his property, and if the license is revoked and the pipeline removed, no improvement will remain which will continue to benefit plaintiff.

■ Defendant also alludes to another exception as where consideration has been paid for a grant. It is true that plaintiff and his predecessor in title benefited from the availability of the gas during the existence of the license. However, in view of the provisions of 52 O.S.1961, § 10 which required defendant to allow the landowner to connect to such pipeline and the fact that such landowner was to pay defendant for the gas used (although no request for payment was ever made by defendant), we do not believe plaintiff is estopped to maintain that the license is revocable.

In view of our above discussion, we are in agreement with the trial court's judgment holding that the license was revoked by the conveyance to plaintiff and by writen demand. See Lynn v. Rainey, Okl., 400 P.2d 805.

The judgment of the trial court is affirmed.

JACKSON, C. J., IRWIN, V. C. J., and DAVISON, BERRY, HODGES, LAVENDER and McINERNEY, JJ., concur.