**R. L. BACKUS, Appellee,**

v.

**PANHANDLE EASTERN PIPE LINE COMPANY, a Foreign Corporation, Appellant.**

**No. 76–1301.**

United States Court of Appeals, Tenth Circuit.

Argued and Submitted May 17, 1977.

Decided June 30, 1977.

James A. Kirk, Oklahoma City, Okl. (James P. Linn, Linn, Helms, Kirk & Burkett, Oklahoma City, Okl., on the briefs), for appellee.

Coleman Hayes, Oklahoma City, Okl. (William L. Robertson, Associate Gen. Atty., on the briefs), for appellant.

Before LEWIS, Chief Judge, BREITENSTEIN and DOYLE, Circuit Judges.

BREITENSTEIN, Circuit Judge.

This is a suit by an Oklahoma farmer to compel an interstate pipeline to furnish him gas for the operation of irrigation pumps and to recover damages for failure to deliver gas. The district court granted judgment for the plaintiff on the ground that an Oklahoma statute required that the gas be furnished. The pipeline appeals. We reverse.

Plaintiff-appellee Backus owns and farms the SW¼ of section 30 and NW¼ of section 31, Texas County, Oklahoma. In 1966, and for several years thereafter, he also rented and farmed the NE¼ of section 31 owned by Charles Reust. Defendant-appellant Panhandle Eastern Pipe Line Company is a natural gas company transporting natural gas in interstate commerce.

An Oklahoma statute, 52 Okla. Stat. § 10 (1971) provides that a pipeline company on request shall furnish gas to one whose premises are crossed by its pipeline. In 1965 plaintiff purchased a one acre, 33 foot wide strip of land in the SE¼ of section 20 which was crossed by a Panhandle pipeline. Plaintiff secured easements for, and constructed, a pipeline connecting a meter on a Panhandle line in the NE¼ of section 19 to an irrigation well of his in the NW¼ of section 31.

A Panhandle line crossed land owned by Reust but not the land rented by Reust to plaintiff. In 1966 Reust and Panhandle entered into a gas contract. The line built by plaintiff was connected with the Panhandle meter in section 19 and the gas obtained was used to pump water for irrigation of the land owned by plaintiff and the land rented from Reust. Bills for the gas used were paid by plaintiff to Panhandle. Controversy over the validity and effect of the Reust-Panhandle contract is not pertinent to the determination of this appeal.

Plaintiff farmed the land rented from Reust until 1968. Thereafter the gas was used only to pump water for the irrigation of the land owned by plaintiff. Plaintiff and Reust were involved in a dispute and Reust requested Panhandle to cancel his gas contract. Panhandle did cancel in 1973 and plaintiff brought this action in state court. On the petition of Panhandle, it was removed to federal court. Federal jurisdiction is based on diversity and federal question.

The federal court entered a "temporary mandatory injunction" requiring Panhandle to continue furnishing gas. The plaintiff filed an amended complaint asserting that Panhandle was required to furnish gas under the Oklahoma statute, and that plaintiff as third party beneficiary and assignee of the Reust-Panhandle contract was entitled to specific performance and monetary damages. Depositions were taken and a stipulation of facts filed. Each party moved for summary judgment. The trial court held that the Oklahoma statute required Panhandle to furnish gas to the plaintiff and gave judgment in his favor.

Section 10, Title 52, Okla. Stat. (1971) authorizes the construction and maintenance of gas pipelines across highways, bridges, and other public places and then says:

"provided, however, that whenever any gas pipe line crosses the land or premises of any one outside of a municipality, said corporation [pipeline owner] shall, by request of the owner of said premises, connect said premises with a pipe line and furnish gas to said consumer at the same rate as charged in the nearest city or town."

Panhandle contends that the Oklahoma statute violates both the Commerce Clause, Art. I, § 8, cl. 3, and the Supremacy Clause, Art. VI, cl. 2, of the United States Constitution.

■■■ The transmission of gas from one state to another for sale and consumption is interstate commerce. *Pennsylvania v. West Virginia*, 262 U.S. 553, 596, 43 S.Ct. 658, 67 L.Ed. 1117. See also *Federal Power Commission v. Natural Gas Pipe Line Co.*, 315 U.S. 575, 582, 62 S.Ct. 736, 86 L.Ed. 1037. The fact that the gas which plaintiff receives comes from a gathering line and has not crossed a state line before reaching plaintiff's pump does not exclude that gas from the operation of the Commerce Clause, see *California v. Lo-Vaca Co.*, 379 U.S. 366, 369, 85 S.Ct. 486, 13 L.Ed.2d 357, and *Deep South Oil Co. of Texas v. Federal Power Commission*, 5 Cir., 247 F.2d 882, 887, cert. denied 355 U.S. 930, 78 S.Ct. 410, 2 L.Ed.2d 413 or of the Natural Gas Act, see *Saturn Oil & Gas Company v. Federal Power Commission*, 10 Cir., 250 F.2d 61, 64–67, cert. denied 355 U.S. 956, 78 S.Ct. 542, 2 L.Ed.2d 532.

*Federal Power Commission v. Louisiana Power & Light Co.*, 406 U.S. 621, 633, 92 S.Ct. 1827, 32 L.Ed.2d 369, recognizes that state curtailment of natural gas deliveries which operates "to withdraw a large volume of gas from an established interstate current" is a prohibited interference with interstate commerce. The quantity of gas furnished for the operation of one irrigation pump does not have a substantial effect on interstate commerce. Cumulative withdrawals for landowners under the Oklahoma statute might interfere with interstate commerce.

In *Phillips Petroleum Co. v. Corporation Commission of Oklahoma, Okl.*, 312 P.2d 916, the Oklahoma Supreme Court was concerned with an Oklahoma statute which required a natural gas producer to make gas available to pump water for irrigation purposes on the land from which the gas was produced. The court held the statute unconstitutional because of denial of due process. Ibid. 312 P.2d at 921–922. In so doing the court said, Ibid. 312 P.2d at 919:

"If the producer of gas can be required to serve a small area, and a few people, we see no reason why he could not be required to serve a larger area and more people."

In the instant case no evidence was adduced on the extent of gas use by persons whose lands are crossed by pipelines or on the future potential of such use.

A finding of substantial interference with interstate commerce, is unnecessary to a determination of this case. The Natural Gas Act, 15 U.S.C. § 717 et seq., delegates to the Federal Power Commission the power to regulate (1) the transportation of natural gas in interstate commerce, (2) its sale in interstate commerce for resale, and (3) natural gas companies engaged in such transportation or sale. See *Panhandle Eastern Pipe Line Company v. Public Service Commission of Indiana*, 332 U.S. 507, 516, 68 S.Ct. 190, 92 L.Ed. 128, and *Federal Power Commission v. Louisiana Power & Light Company*, 406 U.S. 621, 636, 92 S.Ct. 1827, 32 L.Ed.2d 369. Each of the mentioned powers is "an independent grant of jurisdiction." 406 U.S. at 636, 92 S.Ct. 1827. Panhandle is a natural gas company.

The Federal Power Commission has exercised jurisdiction over the delivery of gas to those who have granted pipeline right-of-way easements for lines of natural gas companies across their properties. In Northern Natural Gas Company, FPC Opinion No. 773, August 13, 1976, rehearing denied October 13, 1976, the FPC granted a certificate of public convenience and necessity to Northern Natural "authorizing the proposed facilities and services to the right-of-way customers who have granted easements to Northern as part of the agreement to allow Northern to construct facilities across their lands."

Our recent decision in *Los Alamos School Board v. Wuglater*, 557 F.2d 709, 1977, rec-

**1376**

ognizes that the Supreme Court in *Hines v. Davidowitz*, 312 U.S. 52, 61 S.Ct. 399, 85 L.Ed. 581, and *Perez v. Campbell*, 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233, refused to establish any rigid formula or infallible constitutional test for determining whether a particular piece of legislation violates the Supremacy Clause. *Los Alamos*, at 712. We also recognized that *Perez* "establishes a 'controlling principle that any state legislation which frustrates the full effectiveness of federal law is rendered invalid by the Supremacy Clause.'" Ibid. at 713.

The proviso in 52 Okla. Stat. § 10 which gives to a person whose land is crossed by a pipeline the right to gas frustrates the full effectiveness of the Natural Gas Act. In Northern Natural, the FPC said, Opinion 773 p. 3:

> "[T]he *de minimis* nature of the proposed new service cannot be controlling since one *de minimis* approval after another can accumulate to the point where there is a substantial effect on the other customers of the pipeline."

The statement applies to the situation before us. The broad grant in the proviso of the Oklahoma statute frustrates the exercise of the power which Congress had delegated to the FPC. We are in a period of curtailment of natural gas supplies and use. See *Hercules, Inc. v. Federal Power Commission*, 3 Cir., 552 F.2d 74, 75, n.1. The Oklahoma statute creates an exclusion from FPC regulation and permits "private interests to subvert public welfare." *Louisiana Power & Light Co.*, 406 U.S. at 631, 92 S.Ct. at 1833. The proviso violates the Supremacy Clause and is without effect.

Plaintiff argues that we should not reach any constitutional issue because the case presents only a dispute over a contract. The amended complaint presented a claim under the Oklahoma statute and the district court judgment is based solely on that statute which we hold to be unconstitutional. The complaint also presented a contract claim which was not decided by the district court. Citing *City of Vero Beach v. Rittenoure Inv. Co.*, 10 Cir., 113 F.2d 269, 272,

cert. denied 311 U.S. 710, 61 S.Ct. 316, 85 L.Ed. 461, plaintiff contends that the judgment reaches the correct result and should not be overturned because founded on an erroneous reason. The argument assumes a correct result on the contract claims. We can make no such assumption. The court made no fact findings on the contract claims. The record indicates a factual dispute with regard to the Reust-Panhandle contract. We will not try the case de novo and resolve that dispute. The district court must hear the evidence and decide the facts.

Reversed and remanded for further proceedings in the light of this opinion.