TRANSOK PIPE LINE COMPANY, an Oklahoma Corporation, Appellant,

v.

David E. RICHARDSON and Donna J. Richardson, Appellees.

No. 49638.

Supreme Court of Oklahoma.

Dec. 26, 1978.

Rehearing Denied April 9, 1979.

Robert L. Lawrence, Jr., Kevin M. Abel, Tulsa, for appellant.

Park, Nelson & Caywood, Chickasha, for appellees.

LAVENDER, Vice Chief Justice:

David E. Richardson and Donna J. Richardson (landowners), owners of land in Grady county and outside a municipality, granted a pipe line right-of-way to Transok Pipe Line Company (Transok) across their premises. After installation of a 20 inch, high-pressure, gas transmission pipe line carrying raw gas from the well-head to a commercial consumer for fuel in the generation of electricity for distribution to the public, landowners requested of Transok, and at its expense, a connection to their premises and the furnishing of gas at the same rate as charged in Chickasha, the nearest city, under 52 O.S.1971, § 10.[1] Transok refused.

Landowners brought suit seeking a writ of mandamus to require the requested action of Transok. At trial, landowner told of

1. 52 O.S.1971, § 10 reads, in part:

"* * * provided, however, that whenever any gas pipe line crosses the land or premises of any one outside of a municipality, said corporation shall, by request of the owner of said premises, connect said premises with a pipe line and furnish gas to said consumer at the same rate as charged in the nearest city or town."

his purposed use of the furnished gas for a commercial hog operation and his residence. Other evidence indicated the rate charged by a gas utility in Chickasha, the nearest city, for the anticipated volume of gas needed for landowners' purposes would be less than the cost to Transok of the furnished gas. The cost for making the connection was approximated as $900, without consideration as to the loss of vented gas, if required to reduce pressure to a safe level while making the connection. Trial court granted the writ. Transok appeals.

The principal appeal issue is the constitutionality of the applicable portion of § 10. Transok argues violation of state and federal due process guarantees, and the taking of private property for private use. U.S. Const., amend. XIV, § 1; Okl.Const., art. 2, § 7; Okl.Const., art. 2, § 23. Landowners contend the rates applicable would not be confiscatory, for no showing that Transok's total operation was at a loss, and its right of condemnation allowed the statute to require the furnishing of a connection and of gas.

In *Phillips Petroleum Co. v. Corporation Commission, Okl., 312 P.2d 916 (1957),* this court refused the enforcement of 52 O.S.Supp.1955, §§ 248–256. There, the statute required the natural gas producer to make a portion of its gas available for use in pumping water for irrigation of lands from which the gas was produced, though the producer had not theretofore undertaken, professed to undertake, or desired to offer such service. Regulation of gas under the state's police power was not authority to require this availability of gas. Requiring the producer to make gas available for such purpose was tantamount to an appropriation of private property and the taking without due process of law. Okl.Const., art. 2, §§ 23, 24. Though argued that *Phillips*

Petroleum Co., supra, is distinguishable, for *Phillips* was not a public utility, that opinion made applicable to a gas producer, a non-public utility, the theory of not requiring the undertaking of a public market heretofore not served. The *Phillips* case was brought under *Oklahoma Natural Gas Co. v. Corporation Commission, 88 Okl. 51, 211 P. 401 (1922).* There, compelling a public utility to service a market not theretofore professed or undertaken as public business was determined to be an appropriation of private property without just compensation. Section 10 under attack in present appeal would do just that. The constitutional limitation is applicable to both a public utility and a non-public utility. *Oklahoma Natural Gas, supra; Phillips Petroleum Co., supra.* The nature of Transok is not controlling. In present case, Transok had not undertaken, professed to undertake, or desired to make natural gas available for residential purposes and for a hog operation. Its pipeline is used to transmit natural gas for the sole purpose of supplying fuel for the generation of electricity to only a single consumer.

Section 10 was originally incorporated in an act to regulate the use and preservation of oil and gas. Laws, 1909, p. 435.[2] Under *Phillips Petroleum Co., supra,* we refuse to require Transok to furnish and make available the gas sought by the landowners.

We have difficulty supporting the portion of § 10 here relied upon with a possible grant of the right of eminent domain referred to in the original act[3] or as authorized therein for sites for pumping stations.[4] Nor can it be bolstered with the other portion of § 10 giving authority to build, construct and maintain gas pipe lines using highways, bridges, streets, or alleys. This court suggested in *Burmah Oil & Gas Com-*

---

2. Present § 10 was § 12 of the original act except for an amendment of 1929 that deleted the word "domestic" so as to include and read "Every gas pipe line company * * *."

3. Section 10 of the original act made reference to a gas pipe line corporation exercising the right of eminent domain. That section now appears as 52 O.S.1971, § 8.

4. Section 11 of the original act authorized all domestic gas pipe line corporations "to acquire, whether by purchase or the exercise of eminent domain, sites for the erection of pumping stations * * *." That section now appears as 52 O.S.1971, § 9.

pany v. Corporation Commission, Okl., 541 P.2d 834 (1975) there are two unrelated matters covered by § 10. One authorizes the crossing of highways and bridges. The other provides for supplying of gas to the landowner. Here, the gas line crossed landowners' land by grant to Transok from the Richardsons. There was no reliance as to this crossing on Transok's right of condemnation.

■ In present case, requiring a connection at the expense of the pipe line company and the furnishing of gas at the same rate as charged by a public utility distributing gas to the public in the nearest city at less than the cost of the gas to be furnished results in the taking of private property for a private use and is in contravention of this state's constitution. Const., art. 2, § 23.[5] We refused to enforce that portion of § 10 relating to the furnishing of a connection and gas.

REVERSED AND WRIT DISSOLVED.

IRWIN, BARNES, DOOLIN, HARGRAVE and OPALA, JJ., concur.

WILLIAMS and SIMMS, JJ., dissent.

SIMMS, Justice, dissenting:

I must respectfully dissent. Phillips Pet. Co. v. Corporation Commission, supra, does not support the majority's refusal to enforce the provisions of 52 O.S.1971, § 10, against Transok.

The Court's holding in Phillips that those statutory provisions (requiring a producer to make a portion of gas available to the landowner and authorizing the Corporation Commission to fix prices) were an invalid regulation under the police power which would constitute a taking as to Phillips, if enforced, was based on the fact that Phillips was not a public utility.

5. We note Backus v. Panhandle Eastern Pipe Line Co., C.C.A. 10th, 558 F.2d 1373 (1977). There the gas to be tapped was in interstate commerce. Section 10 was held to violate the supremacy clause of the federal constitution in that it frustrates the full effectiveness of the federal Natural Gas Act. Backus is not applied

Transok is a public utility. The statutes plainly provide (See, e. g., 52 O.S.1971, § 36.1; 17 O.S.1971, § 151(a); 52 O.S.1971, § 5), and we have so held. (Allen v. Transok Pipe Line Company, Okl., 552 P.2d 375 (1976); Barnes v. Transok Pipe Line Company, Okl., 549 P.2d 819 (1976)).

We have recognized the validity of 52 O.S.1971, § 10, in previous decisions (Adkins v. Mustang Fuel Corp., Okl., 527 P.2d 842 (1974); Anchor Stone and Materials Company v. Carlin, Okl., 436 P.2d 650 (1968); In re Vance, Okl., 115 Okl. 8, 241 P. 164 (1925)), and Phillips does not support the majority's refusal to enforce it here.

I am authorized to state that Justice WILLIAMS joins with me in this dissent.

in present case, for the record implies the production, transmission and pipe line, and use for the generation of electricity by one commercial consumer was within the State of Oklahoma and intrastate in nature. No argument is made of the violation of the supremacy clause for the unconstitutionality of § 10.