Bob STANGL, Joe Fair, L. Markwell, Ray Mayfield, et al., Appellants,

v.

MUSTANG FUEL CORPORATION, an Oklahoma Corporation, Appellee.

No. 65377.

Court of Appeals of Oklahoma, Division No. 3.

Dec. 1, 1987.

Monty L. Bratcher, Terry F. Stokes, Oklahoma City, for appellants.

Drew Neville, Raymond Tompkins and Von Russell Creel, Oklahoma City, for appellee.

HUNTER, Judge:

This is a companion appeal to Number 65,361, 772 P.2d 1324 (Okl.1989). Appellants are the unsuccessful plaintiffs in an action for permanent injunction against Appellee, Mustang Fuel Corporation. Mustang is a pipeline company in the business of transporting gas. Under the law in effect at the time of the construction of the pipeline, Mustang was required to allow landowners, over whose property the pipeline passed, to connect to the pipeline and be furnished gas at the same rate as the nearest city or town. In order to comply with the statute, Mustang entered into various agreements with landowners. Some landowners reserved the right to connect to the pipeline and purchase gas as a part of the consideration for their granting a right of way. Others contracted with Mustang by executing form contracts furnished by Mustang. The form contracts provided for termination of the contract by either party under certain notice provisions.

In 1978 the statute was declared unconstitutional in the case of *Transok Pipeline Co. v. Richardson*, 593 P.2d 1079 (Okla. 1978). Subsequently an attempt was made to have the Corporation Commission declare Mustang Fuel a public utility and have it regulated as such. This effort eventually failed and in June 1984, Mustang, believing that it no longer was required by statute to furnish gas to landowners, mailed letters to those customers who had no reference to gas in their grants of right of way, notifying them that their contracts would be terminated. Mustang divided their customers into two groups. Those who reserved the right to purchase gas in their right of way easements, and those who did not but to whom Mustang had offered contracts by reason of the statute and who had accepted. It was the intent of Mustang to first terminate their contracts with this latter group and then, eventually terminate with the former group.

This action was commenced by a group of those persons receiving notice from Mustang that their contracts were being canceled. Among the plaintiffs were persons who fit all classifications of persons contracting with Mustang. After hearing all the evidence, the trial court entered judgment for nine of the original plaintiffs and denied judgment for the remaining plaintiffs, fourteen of whom are the Appellants here.

██ The Appellants first contend that because Mustang has provided gas to the Appellants for a number of years, that they may now be forced to continue to do so under 52 O.S.1981 § 10 and such application of the statute would not be unconstitutional and that the trial court erred in holding that the statute was unconstitutional on its face. This argument is specious and unsupported by the authority cited. The further argument that the taking of Mustang's private property (the gas) for private purposes does not violate the Constitution because Mustang had given its consent is also without merit. Even if it had been true in the beginning, it became obvious that Mustang no longer consented and any taking by virtue of the statute or a court decree would be in violation of the Constitution.

The Appellants' second proposition is that the gas purchase contracts containing the termination provisions are void because they are contrary to 52 O.S.1981 § 10, which was in effect and binding at the time. This argument supposes that Section

10 was valid at the time Mustang presented the gas purchase contracts to the Appellants and therefore the contracts being in derogation thereof must be void. We cannot agree. Section 10 was unconstitutional when enacted. It was just not ruled so prior to 1978 in *Transok,* supra. There is no evidence in the record to indicate that the Appellants were in any manner forced, coerced or misled into signing the gas purchase contracts. The gas purchase contracts are not void.

 Appellants next argue that the gas purchase contracts are ambiguous as a matter of law and the trial court erred in not allowing parol evidence as to their meaning. This argument is also without merit. The Appellants contend that paragraph two and paragraph ten of the contracts are conflicting and create an ambiguity requiring the admission of parol evidence. Paragraph two provides:

"This contract shall be in effect for a term of one (1) year from this date, and shall thereafter continue in effect until canceled by thirty (30) days written notice given by either party to the other."

Paragraph ten provides:

"It is agreed that the line from which service is herein granted is devoted primarily to the transportation of natural gas from its point of production to the ... power plant of the Oklahoma Gas & Electric Company, and that if at any time, because of diminution of supply or for any other reason, the Company deems it advisable to relocate, remove or abandon said line, then the Company shall have the right to cancel this contract, even before the expiration of the term herein provided for, by giving the consumer thirty days written notice of its intention to do so."

These two paragraphs do not conflict, nor do they create any ambiguity. Paragraph two provides for termination *after the term of one year,* by either party upon thirty days written notice. Paragraph ten provides for termination by Mustang under certain conditions *at any time, even before the expiration of the term of one year,* under certain conditions.

 Appellants' next proposition is that Mustang is illegally discriminating against them. They first argue that Mustang is necessarily a public or "quasi public" utility under both common and statutory law, and then allege that termination of their contracts while continuing service to others is prohibited discrimination. The entire argument hinges on the allegation that Mustang is a public or "quasi public" utility. This allegation is not supported by the record and the proposition is totally without merit.

Appellants' proposition that "Mustang is guilty of Laches" is apocryphal. Their attempt to invoke the doctrine of laches as a cause of action does not warrant consideration or discussion by this court.

For the reasons set forth above, the judgment of the trial court appealed from is AFFIRMED.

AFFIRMED.

HANSEN, P.J., and BAILEY, J., concur.